Manuel W. Levine, J.
In this action to recover on a promissory note and guarantee of payment executed at the same time the plaintiff moves to dismiss two affirmative defenses and for summary judgment against the sole remaining defendant.
This defendant admits all the allegations of the complaint and asserts as a partial defense that the provision in the note for the payment of an attorney’s fee is void as against public policy, and as a complete defense he alleges that as a matter of law he must be held harmless by reason of the affirmative fraud committed by the corporate, as well as the individual, defendant Harvey Greenwald. There is no allegation in the answer that the plaintiff participated in any wrongful act and the circumstances constituting the wrong are not stated in detail as required by CPLR 3016 (subd. [b]).
In his answering affidavit Mr. Shapiro states that Harvey Greenwald represented to him that if he did not execute the guarantee he would lose his employment with a corporation, Truck Service Club of America Inc., of which Mr. Greenwald was president, and he also states that he was assured at the same time he executed the guarantee by Mr. Greenwald, in the presence of officers of the bank, that the guarantee was a formality, that he would in no manner be held liable, that he acted as an accommodation guarantor only and that he received no consideration.
These defenses are without merit. Section 402 of the Personal Property Law, as amended July 1, 1967, by the addition of subdivision 6-a (L. 1967, ch. 732, §§ 1, 2), is limited to installment sales contracts. Provision for a reasonable attorney’s fee contained in a promissory note is enforceable (Uniform Commercial Code, § 3-106; General Lbr. Co. v. Landa, 13 A D 2d 804).
Mr. Shapiro signed the note as secretary-treasurer of the corporation along with Mr. Greenwald, as its president, and at the same time they executed the guarantee of payment. When a contract of guarantee is entered concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also (Erie County Sav. Bank v. Coit, 104 N. Y. 532). The extent of Mr. Shapiro’s *662 interest in the corporate defendant and other business enterprises he participated in along with Mr. Greenwald is not disclosed on this motion, but he executed the note as a corporate officer, an experienced man of business, who certainly knew the nature and extent of the liability he was undertaking when he signed the guarantee to secure a benefit for his corporation. There was here no confidential relationship nor one of trust between the plaintiff bank and the defendant. The parties were dealing in a commercial transaction at arm’s length. It was the duty of the defendant, if he had any question as to the nature of his obligation, to inquire (Security Nat. Bank v. De Seguros, 21 Misc 2d 158, 161). Assuming, however, that, as claimed, Mr. Shapiro should be considered as an accommodation party to the instrument and the bank had knowledge of this fact, his remedy after he makes payment is against his codefendants (Uniform Commercial Code, § 3-415, subd. [5]), and as to the bank, he is liable in the capacity in which he signed (Uniform Commercial Code, § 3-415, subd. [2]; Packard v. Windhols, 88 App. Div. 365, affd. 180 N. Y. 549; Long Is. Trust Co. v. Merz, 20 Misc 2d 342, 343) and he is estopped by public policy from asserting that the parties agreed that the instrument should not be enforced (Mt. Vernon Trust Co. v. Bergoff, 272 N. Y. 192; West End Fed. Sav. & Loan v. Di Boise, 19 A D 2d 476; Manufacturers Trust Co. v. Palmer, 13 A D 2d 772).
Accordingly, the affirmative defenses are dismissed and judgment is granted to the plaintiff in the amount of $5,375.13, the unpaid balance of the notes, plus a reasonable attorney’s fee, with interest on the combined amount from June 12, 1968. Entry of judgment, however, should be deferred pending a hearing and determination as to the reasonableness of the attorney’s fee of $1,075.02 requested (Franklin Nat. Bank v. Wall St. Commercial Corp., 21 A D 2d 878).