■ CY & RY CORPORATION et al., Appellants, v HARRY M. WAGNER, Respondent. — In a proceeding to stay arbitration, petitioners, Cy & Ry Corporation and Joseph Wilner, appeal from a judgment of the Supreme Court, Queens County, dated August 6, 1980, which denied their application. Judgment reversed, with $50 costs and disbursements, and matter remitted to Special Term for further proceedings consistent herewith. Joseph Wilner, through corporate entities such as Cy & Ry Corporation, of which he is alleged to be president and predominant if not sole stockholder, owns mills for the manufacture of knit goods. Respondent has been engaged in the knit goods business as a jobber for more than 50 years. During 1978 respondent and Joseph Wilner decided to combine the manufacturing and jobbing aspects of the knit goods business in a corporate entity they would form (Wagner & Wood Fashions, Inc.). An arbitration agreement dated August 25, 1978 was drawn up between respondent, Wagner & Wood Fashions, Inc., and Sol and Harry Wilner, two sons of Joseph Wilner. Joseph Wilner and Cy & Ry Corporation were not named as parties to the agreement. However, the agreement repeatedly referred to Joseph Wilner, creating the impression that he may in reality be the dominant party to the agreement. This impression is strengthened by portions of the agreement, such as paragraph 11, which reads: "Notwithstanding the election of the individual Stockholders, as Officers and Directors, it is understood that all individuals, including JOSEPH WILNER, may transact business by and on behalf of the Corporation and Cy and Ry Corporation. The transaction of such business shall not constitute a breach of any fiduciary relationship." It cannot be determined from the conflicting affidavits presented whether Joseph Wilner and Cy & Ry Corporation were in fact parties to the arbitration agreement. Accordingly, we remit so that a hearing may be held on that issue. We note that the fact that the petitioners did not subscribe the agreement does not preclude its enforcement against them (see *Crawford v Merrill Lynch, Pierce,*

*Fenner & Smith,* 35 NY2d 291, 299). Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.