■ EUROPEAN AMERICAN BANK & TRUST COMPANY, Appellant, v ELSIE M. BOYD, Respondent.—In an action to recover upon a written guarantee, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (McCaffrey, J.), entered February 24, 1986, as denied its motion for summary judgment or in the alternative for partial summary judgment dismissing the defendant's affirmative defenses.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the plaintiff's motion which were to dismiss the defendant's first, second, third, fourth, fifth, eighth, ninth, tenth, eleventh and twelfth affirmative defenses, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

That branch of the plaintiff's motion which was for summary judgment was properly denied. In order for a guarantee to be binding upon a guarantor there must be consideration given at or about the time of the execution of the instrument *(see, Walcutt v Clevite Corp.,* 13 NY2d 48, 56). While the plaintiff avers in its motion papers that a loan was made to

the principal obligor at or about the time of the instrument's execution, it fails to submit any documentary proof which would sufficiently establish that the alleged consideration was actually paid. Thus, we conclude that the plaintiff has not met its burden of sufficiently establishing, as a matter of law, that consideration was given, and an issue of fact exists which must be resolved at trial.

Based upon our holding, we further determine that the defendant's sixth and seventh affirmative defenses, which assert lack of consideration, cannot be dismissed.

The defendant's remaining affirmative defenses, however, must all be dismissed. In its complaint, the plaintiff alleged that it was a corporation organized under the laws of the State of New York or the United States. These jurisdictional allegations are sufficient (see, CPLR 3015 [b]). Thus, the first affirmative defense alleging that those allegations are insufficient must be dismissed.

We further conclude that contrary to the defendant's second and ninth affirmative defenses, the plaintiff need not prove that it unsuccessfully attempted to obtain payment from the principal. The language of the guarantee clearly indicates that the defendant was a guarantor of payment (see, General Phoenix Corp. v Cabot, 300 NY 87, 92), and, thus, the lender did not have to proceed against the debtor prior to commencing suit against the guarantor (see, Federal Deposit Ins. Corp. v Schwartz, 78 AD2d 867, 868, affd 55 NY2d 702).

Nor can we agree that the plaintiff was required to join the principal and the coguarantor in the suit. Judgment had already been entered against them and the debt remained unsatisfied so that neither of these parties would be inequitably affected if judgment is entered in favor of the plaintiff and against the defendant (see, CPLR 1001 [a]). Thus, the third and fourth affirmative defenses must be dismissed.

The defendant's fifth affirmative defense challenges the validity of the guarantee, which by its terms was continuing, while the tenth defense asserts that the guarantee is vague and against public policy. The use of the continuing guarantee has been sanctioned by the courts (see, e.g., Chemical Bank v Sepler, 60 NY2d 289, 290; Federal Deposit Ins. Corp. v Schwartz, supra), and the defendant's conclusory allegations that the instrument is vague are without merit. Accordingly, the fifth and tenth affirmative defenses must fall.

The defendant is also precluded from asserting the defense of usury since a guarantor stands in the shoes of the principal

and can avail himself of only those defenses available to it *(see, General Phoenix Corp. v Cabot, supra)*. Pursuant to General Obligations Law § 5-521, a corporation is prohibited from interposing the defense of usury, which is the case at bar. Thus, the eighth affirmative defense must be dismissed.

We also disagree with the defendant's argument that the guarantee is not binding since the plaintiff failed to subscribe to it. The guarantee may be enforced as long as it is signed by the guarantor (General Obligations Law § 5-701 [a]). Thus, the eleventh affirmative defense must be dismissed.

Finally, the defendant's Statute of Limitations defense, set forth in its twelfth affirmative defense, must also fail, for the reasons set out at Special Term. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.