**MARINE MIDLAND BANK, N.A., Plaintiff,**

**v.**

**Mahmoud A. ELSHAZLY, et al., Defendants.**

**Civ. No. B–89–410 (WWE).**

United States District Court, D. Connecticut.

Jan. 4, 1991.

Lori J. Kremidas, Ben M. Krowicki, Brian C. Courtney, Hoberman & Pollack, P.C., Hartford, Conn., for plaintiff.

William V. Ferdinand, Jr., Mark R. Carta, Whitman & Ransom, David P. Burke, Duel & Holland, Greenwich, Conn., for defendants.

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

#### FACTS

Plaintiff, Marine Midland Bank, ("Bank") has filed a motion for summary judgment on the First Count of its Complaint pursuant to Federal Rule of Civil Procedure 56. In 1984, Riverside Oil Company, Inc., ("Riverside"), not a party to this action, executed a variable rate installment note, payable to the Bank in the principal amount of four hundred thousand dollars ($400,000) and entered into an installment loan agreement. The loan agreement contained terms and conditions by which the note was to be governed including but not limited to, default on the part of Riverside and, accelerating the Bank's payment rights under the loan.

Defendant Mahmoud A. Elshazly executed an unlimited continuing guaranty of Riverside's loan obligation to the Bank. This guaranty was for "the full and prompt payment to Bank when due, whether by acceleration or otherwise, of any and all indebtedness" of Riverside to the Bank on the principal loan agreement. The guaranty provided that it was to be construed under the laws of the State of New York.

In January, 1987 Riverside failed to make its required principal and interest payment to the Bank. This payment failure, according to the terms of the loan agreement, constituted a default and resulted in the Bank's acceleration of the entire amount due and owing on the loan. Pursuant to the terms of the guaranty, plaintiff Bank sought payment of this amount from defendant Elshazly.

Plaintiff's motion for summary judgment seeks the enforcement of the defendant's contract for the guaranty of payment of the entire amount due and owed on the loan at the time of default, all costs and expenses, including attorney's fees, incurred by the Bank in connection with the exercise of its rights under the guaranty, and a per diem of Prime plus one and one half percent (1-1/2%) on the principal balance which has accrued.

#### DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). For the reasons set forth below, plaintiff's motion for summary judgment on the First Count of its Complaint will be granted.

#### I. *Valid Enforceable Guaranty Contract*

Defendant argues that separate consideration was required at the actual time of the guaranty contract's execution. There has been evidence to indicate that the loan agreement and the guaranty were

not executed on the same day and it is apparent that the two documents were not signed together at the same location. These facts do not destroy the validity of either document, and specifically do not affect the enforceability of the guaranty contract. New York law is well settled on this issue. For the guaranty contract to be valid and binding upon the Defendant-guarantor "there must be consideration given at or about the time of the execution of the instrument." *European American Bank and Trust Company v. Boyd,* 131 A.D.2d 629, 516 N.Y.S.2d 714 (1987). In *Chester Airport v. Aeroflex,* 37 Misc.2d 145, 237 N.Y.S.2d 752 (1962), the court rejected a similar argument that a guaranty contract failed for lack of consideration. In *Chester,* although a lease was executed in Connecticut on November 17, 1960, and a guaranty in New York six days later, the court concluded that "Those instruments so executed, although on different dates, can be considered to have been made contemporaneously." "When a contract of guarantee is entered concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also." *National Bank of North America v. Around the Clock Truck Service, Inc.,* 58 Misc.2d 660, 296 N.Y.S.2d 606 (1968). A similar result was reached in *Chase Manhattan Bank v. Kahn,* 66 A.D.2d 704, 411 N.Y.S.2d 245 (1978), where contract guaranties and the principal loan agreement, despite a 24 hour time differential in actual execution, were nevertheless considered to be "executed simultaneously", and therefore fully enforceable as contracts.

For the reasons stated above, the guaranty contract is valid and fully enforceable. Consideration, as expressly stated in the actual guaranty contract instrument, is sufficient to satisfy the requirements of the Statute of Frauds. *See generally* 63 N.Y.Jur.2d, Guaranty and Suretyship, §§ 50–59.

## II. *Plaintiff's Obligation Of Good Faith And Fair Dealing*

■ Defendant alleges that Plaintiff somehow violated an obligation of good faith and fair dealing by refusing to release the Defendant from his obligations under the guaranty contract when the Defendant provided the Plaintiff with a replacement guarantor. Under the terms of the guaranty contract there is no provision which requires the Plaintiff to release the Defendant from his contractual obligations. Defendant offers no law to support this defense, and provides no factual basis by which the court can ascertain the merit of such a defense.

## III. *Ambiguity Of Guaranty Of Payment And/Or Collection*

■ Defendant suggests that Plaintiff has failed to satisfy the guaranty contract's terms in regard to the payment and/or collection requirements. Further, regardless of the guaranty contract's actual requirements, Defendant claims that the terms are ambiguous, and thus disputed material facts remain to be resolved. A review of the guaranty contract language clearly demonstrates that this is a contract for payment, not of collection. "Where the language of a contract is clear and unambiguous, the intent of the parties must be determined in accordance with that language." *Kang–Kim v. Feldman,* 121 A.D.2d 590, 503 N.Y.S.2d 855 (1986). The intentions of the parties, as represented through the language of the contract determines whether a guaranty contract creates a guarantor of payment or of collection. *In re Wilson,* 9 B.R. 723 (E.D.N.Y.1981). The defendant is fully bound to the terms of the contract. "He who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them and there can be no evidence for the jury as to his understanding of its terms." *In re Level Export Corporation,* 305 N.Y. 82, 111 N.E.2d 218 (1953).

As a guarantor of payment, the defendant contracted to pay the indebtedness of Riverside (on their loan agreement) immediately upon demand by the Bank. This is a different situation from a guarantor of collection who contracts to pay the debt of the

principal only after the creditor has secured a judgment against the principal (debtor) and has been unable to satisfy that judgment. *In re Wilson,* 9 B.R. 723 (E.D. N.Y.1981). Under a guaranty of payment contract, the Bank need not prove that it proceeded against Riverside, nor unsuccessfully sought payment from Riverside prior to this suit against Elshazly. *European American Bank and Trust Company v. Boyd,* 131 A.D.2d 629, 516 N.Y.S.2d 714 (1987). As a guarantor of payment Elshazly became immediately liable to the Bank upon Riverside's default of payment on the loan agreement.

## IV. *Laches Not Available As A Defense*

Finally, although not raised in opposition to the summary judgment motion, defendant's pleading in response to the Complaint included a special defense of laches. Laches is available only in actions in equity, not in actions at law. Since this is an action for breach of contract, and no equitable relief is sought, the defense of laches is not available to the Defendant. *Lowenstein v. Austin,* 430 F.Supp. 844 (S.D.N.Y.1977).

## CONCLUSIONS

For the reasons set forth above, Plaintiff Marine Midland Bank's motion for summary judgment on Count One of its Complaint is GRANTED.

SO ORDERED.