■ ROSEMARIE T. HENNESSEY, Respondent-Appellant, v JOSEPH ECKER, Appellant-Respondent.—In an action to determine title to certain real property and for an accounting, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (LeVine, J.), entered January 20, 1989, as, after a nonjury trial, awarded the plaintiff the sum of $15,743, representing one-half of the proceeds of the sale of the subject property, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as denied her requests for interest on the awarded sum from September 1983, costs, and disbursements.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1978, Rose Ecker, the parties' now deceased mother, inherited from her late sister title to the subject property, a six-family building. At that time, Mrs. Ecker, who was in her eighties, was living in a nursing home. The property was

initially managed by Mrs. Ecker's niece, but in 1980 the defendant took over the management of the property for which he received commissions on the rents. On May 22, 1982, Mrs. Ecker conveyed the property by deed to the defendant. On February 3, 1983, Mrs. Ecker died leaving a last will and testament, dated March 16, 1971, bequeathing her estate to be shared equally between the parties. The defendant was appointed executor, and the plaintiff substitute executor. No administrative or probate proceedings were brought in Surrogate's Court. In September 1983 the defendant sold the subject property for $31,486. Thereafter, the plaintiff commenced this action, alleging that the deed to the defendant had been procured through the defendant's misrepresentations to his mother that the conveyance was required for the proper management of the property, and that he would distribute one-half of the interest to the plaintiff. Following a nonjury trial, the trial court found that the defendant had exercised undue influence in the procurement of the property. In relevant part, the plaintiff was awarded one-half of the proceeds of the sale of the property, to wit, $15,743, without interest, costs or disbursements.

While the trial court frequently questioned the witnesses, it did not display any prejudice or bias with respect to any of the parties. The questions were evidently intended to elicit and clarify facts material to the issues in the trial and to expedite the trial. Moreover, the parties were permitted to conduct effective examinations of the witnesses, and there is no claim made by the defendant that he was prevented from presenting any relevant evidence. Under these circumstances, the defendant's arguments with respect thereto are without merit (see, La Motta v City of New York, 130 AD2d 627; Gallo v Supermarkets Gen. Corp., 112 AD2d 345, 348).

Further, our review of the record indicates that the judgment was supported by the evidence adduced at trial, and was not against the weight of the credible evidence. In view of the relationship between the defendant and his mother, the defendant had the burden of establishing that the transaction was not the product of undue influence (see, Allen v La Vaud, 213 NY 322, 326-328; see also, Matter of Gordon v Bialystoker Center & Bikur Cholim, 45 NY2d 692, 698-699). At a minimum, the defendant used an "overmastering influence" (Cowee v Cornell, 75 NY 91, 100) on his mother, who was clearly dependent upon the defendant with regard to the management of her affairs. The defendant admitted that the property was conveyed at his urging and that he had not paid

any consideration for it. Moreover, the attorney who prepared and recorded the deed, testified that he did those acts at the sole request of the defendant. At no time did the attorney communicate with Mrs. Ecker concerning the deed. In addition, the notary public, who notarized Mrs. Ecker's signature on the deed, testified that while Mrs. Ecker indicated, by replying "Yes" to his question, that she was aware that the paper she was signing transferred the property to the defendant, this witness could not tell if Mrs. Ecker was aware of the legal consequences with regard to the plaintiff's prospective interest as a legatee under Mrs. Ecker's will. Under the circumstances, we find no basis to disturb the equitable remedy fashioned by the trial court awarding the plaintiff one-half of the proceeds of the sale of the property, without interest, costs or disbursements. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.