■ ATLANTIC BANK OF NEW YORK, Appellant, v J.D. BERTOLINI INDUSTRIES, LTD., et al., Defendants, and JINDO AMERICA, INC., Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered November 6, 1991, which, *inter alia,* denied plaintiff's motion for summary judgment in lieu of complaint against defendant Jindo America, Inc., unanimously reversed, on the law, to the extent appealed from, the motion is granted, and the clerk is directed to enter judgment accordingly, with costs.

This is an action to recover amounts owed by the defendants under promissory notes and guarantees executed and delivered by them to Atlantic Bank of New York, in which the IAS court, citing *European Am. Bank & Trust Co. v Boyd* (131 AD2d 629) and *Walcutt v Clevite Corp.* (13 NY2d 48), granted summary judgment in lieu of complaint against all of the defendants except Jindo America, Inc. With regard to Jindo, it found an issue of fact was presented as to whether a loan was made to the principal obligor J.D. Bertolini Industries, Ltd. at or about the time of Jindo's execution of its guarantee on July 8, 1985.

However, unlike the cases relied upon by the IAS court, where it was found, *inter alia,* that there was a failure to submit any documentary proof which would establish that the alleged consideration was actually paid (131 AD2d, *supra,* at 630) or that a guarantor can successfully resist suit by showing a total or partial failure of consideration on the part of the creditor (13 NY2d, *supra,* at 56), the record adequately establishes the requisite consideration for Jindo's guarantee on the part of Atlantic.

In connection with its 1985 application for a $2 million line of credit, Bertolini offered personal guarantees from the defendants, including Jindo. However, due to its immediate need for the funds and a delay in procuring the required documents, Bertolini decided to obtain the funds from a Korean bank which made them immediately available. Nevertheless, the minutes of Atlantic's commercial lending committee and other documents establish that, on July 10, 1985, a $150,000 line of credit was established by Atlantic for Bertolini based upon its application and the guarantees and that Bertolini began drawing on it the following year on June 9, 1986 and continued to do so, in increasing amounts, for many years thereafter until 1991, when Atlantic had extended credit in excess of $6 million, repayment of which was not forthcoming.

Jindo claims that its guarantee was only intended to be used if Atlantic established the $2 million line of credit in 1985 and that shortly thereafter, in September 1985, it sold back to Bertolini its 25% interest in that company and had no further interest in Bertolini and no reason to believe its guarantee was still extant.

However, the guarantee at issue, which was executed on July 8, 1985, permits Atlantic to loan money to Bertolini "at any time or from time to time" and states, in pertinent part: "3. This guaranty shall be a continuing guaranty * * * and the Bank may continue to act in reliance hereon until the receipt by the Bank of written notice from the Guarantor not to give further accommodation in reliance hereon."

The law is clear, that "[w]here, as here, a guarantee is continuing, applicable to after-acquired obligations and terminable only by writing, it may not be said to have terminated due to lack of further consideration, or cessation of what one party may have regarded as the 'business relationship.' " *(Chemical Bank v Sepler,* 60 NY2d 289, 294.) Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Rubin, JJ.