(March 12, 2001)

■ Mack Alston, Individually and as Executor of Mary E. Talbert, Deceased, Respondent, v Jan C. Gregory, Appellant. [721 NYS2d 552] —In an action for a judgment declaring a deed null and void, the defendant appeals from a judgment of the Supreme Court, Kings County (Garson, J.), entered August 16, 1999, which, after an nonjury trial, declared the deed null and void.

Ordered that the judgment is affirmed, with costs.

The Supreme Court's determination that the defendant, who was responsible for the management of the grantor's day-to-day affairs, had a special relationship with the grantor is supported by the evidence adduced at trial (*see, Hennessey v Ecker,* 170 AD2d 650, 651). Therefore, it was incumbent upon the defendant to demonstrate that the acquisition of the subject deed was not the product of undue influence (*see, Hennessey v Ecker, supra*). The Supreme Court's determination that the defendant exercised undue influence is supported by the record (*see, Matter of Antoinette,* 238 AD2d 762, 763; *Hennessey v Ecker, supra*).

The defendant's remaining contentions are without merit. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.