■ RONI K. MANDELL et al., Respondents, v BEATRICE FINKEL, Appellant. [751 NYS2d 235] —In an action, inter alia, to set aside a deed conveying real property on the ground of undue influence and for a judgment declaring the deed invalid, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Clemente, J.), dated June 12, 2001, which, after a nonjury trial, set aside the deed and directed that it be cancelled of record.

Ordered that the order and judgment is reversed, on the law and the facts, with costs, it is declared that the deed recorded December 13, 1990, in the office of the New York City Register, County of Kings, at reel 2646, page 275, is valid, the County Clerk of the County of Kings is directed to reinstate the deed, and the complaint is otherwise dismissed.

At issue here is whether the defendant Beatrice Finkel, exercised undue influence to induce her mother, Anna Kupferman (hereinafter the decedent), to convey certain real property located in Brooklyn to her by deed dated November 20, 1990. The decedent had two children: the defendant, Beatrice Finkel, and the late Samuel Kupferman, who was the plaintiffs' father. The trial court, after a nonjury trial, found that the decedent was of sound mind at the time she executed the deed but was subjected to undue influence.

We find that the decedent's plan to transfer the subject property to her daughter was suggested by a disinterested party who was employed as a Medicaid specialist and credit collections manager for Community Hospital, where the decedent was hospitalized for a broken hip. The decedent, during the process of applying for Medicaid, informed the Medicaid specialist that "she was afraid Medicaid would take her home and her daughter would be out in the street with nowhere to go." The Medicaid specialist advised her about a homestead exemption, but the decedent "could just not accept that as permanent" so the Medicaid specialist advised her that "what she needed to do was to change the deed to the home and make her daughter the heir to the property."

The attorney who prepared the deed testified at the trial

that at the time the deed was executed, he explained to the decedent that she was transferring her house to her daughter. The defendant was present at the time the deed was executed, and held the deed as her mother signed it but did not hold her mother's hand.

Contrary to the conclusion of the trial court, the decedent was not isolated from the plaintiffs prior to her hospitalization for a broken hip. Unrefuted testimony was adduced at the trial that the decedent met with the plaintiff Lloyd Kupferman on July 20, 1989, under acrimonious circumstances. The plaintiff Roni K. Mandell visited the decedent on rare occasions.

The evidence adduced at trial constituted clear and convincing proof that the transfer was not the result of undue influence (*see Atkinson v McHugh,* 250 AD2d 560; *Loiacono v Loiacono,* 187 AD2d 414). The determination of the trial court could not have been reached under any fair interpretation of the evidence (*see Binns v Billhimer,* 271 AD2d 562) and must be reversed.

In view of the foregoing, the defendant's remaining contentions need not be addressed. Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.