■ CAYUGA PARTNERS, LLC, Appellant, v 150 GRAND, LLC, Defendant, FRYDMAN/ESSEX, LLC, Respondent, and HOWARD STURMAN, Appellant. [759 NYS2d 347] —In an action, inter alia, for an accounting, the plaintiff/counterclaim defendant and the counterclaim defendant appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 25, 2002, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the counterclaim.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion by the appellants, Cayuga Partners, LLC, and Howard Sturman, to dismiss the counterclaim sounding in fraud, pursuant to CPLR 3211 (a) (1) and (7). It is well established that on a motion pursuant to CPLR 3211 (a) (1) and (7), "the pleadings must be liberally construed and the facts alleged accepted as true; the court must determine 'only whether the facts as alleged fit within any cognizable legal theory'" (*Wiener v Lazard Freres & Co.,* 241 AD2d 114, 120 [1998], quoting *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). "So liberal is the standard under these provisions that the test is simply 'whether the proponent of the pleading has a cause of action,' not even 'whether he has stated one'" (*Wiener v Lazard Freres & Co., supra* at 120, quoting *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]).

To sustain a cause of action alleging fraud, a party must

show a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413 [1996]; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461 [1982]).

At bar, the counterclaim is sufficient on its face. It alleges that the counterclaim defendant, Howard Sturman, made certain representations which he knew to be false at the time he made them in an effort to induce the defendant Frydman/Essex, LLC, to include his company, Cayuga Partners, LLC (hereinafter Cayuga), as a member of the joint venture known as 150 Grand, LLC. As a result of including Cayuga in the joint venture, Frydman/Essex, LLC, was obligated to pay Cayuga the sum of $586,711.30. Moreover, the alleged loss of $586,711.30 constitutes out-of-pocket damages which clearly may be recovered pursuant to a fraud cause of action (*see Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., supra*).

The appellants' remaining contentions are without merit. Altman, J.P., Luciano, Adams and Rivera, JJ., concur.