■ LILLIAN WHITEHEAD, Respondent, v TOWN HOUSE EQUITIES, LTD., et al., Defendants, and THOMAS HANSARD et al., Appellants. [780 NYS2d 15]—

In an action, inter alia, to rescind a deed to real property on the grounds of fraud, lack of mental capacity, and undue influence, (1) the defendant Thomas Hansard appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated November 21, 2002, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and (2) the defendant Money Store appeals from an order of the same court also dated November 21, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are reversed, on the law, with one bill of costs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

After orally accepting an offer from the defendant Thomas Hansard to purchase her dilapidated rooming house (hereinafter the premises) for $5,000, the assumption of approximately $100,000 of debt secured by liens on the premises for which she was personally liable, and permission to remain in an apart-

ment at the premises for the remainder of her life, the 89-year-old plaintiff attended a closing and executed a deed transferring the premises to the defendant Town House Equities, Ltd. (hereinafter Town House), a company owned by Hansard's acquaintance, the defendant Calvin Holte. The plaintiff received $5,000 and remained in her apartment. After Hansard and Town House expended almost $100,000 in renovating the premises, Hansard secured a mortgage loan from a lender which later assigned the mortgage and note to the defendant Money Store. With the loan proceeds, Hansard paid off all of the existing liens on the premises, and purchased the premises in his own name.

The plaintiff commenced this action against Hansard, Holte, Town House, and Money Store to rescind the deed, alleging fraud, lack of mental capacity, and undue influence. Hansard and Money Store (hereinafter the appellants) separately moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied the motions. We reverse.

To sustain a cause of action sounding in fraud, a party must show "a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Cayuga Partners v 150 Grand*, 305 AD2d 527, 528 [2003]; *see Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461 [1982]). Fraud in the execution, as alleged by the plaintiff in this action, arises where a party did not know the nature or the contents of the document being signed, or the consequences of signing it, and was nonetheless misled into doing so (*see Fleming v Ponziani*, 24 NY2d 105, 111 [1969]; *Gilbert v Rothschild*, 280 NY 66, 71-72 [1939]; *National Bank of N. Am. v Around the Clock Truck Serv.*, 58 Misc 2d 660 [1968]). The appellants established their entitlement to judgment as a matter of law in this regard by submitting deposition testimony and affidavits that no misrepresentations were made to the plaintiff, she understood the nature and consequences of the document she signed, and received more than fair value in consideration for the conveyance of the premises, as well as documentary evidence that the plaintiff was an experienced real estate investor (*see Pommer v Trustco Bank*, 183 AD2d 976, 977-978 [1992]). In opposition, the plaintiff made only conclusory allegations that she was somehow tricked into executing the deed. These allegations were insufficient to raise a triable issue of fact (*see New York City School Constr. Auth. v Koren-DiResta Constr. Co.*, 249 AD2d 205 [1998]).

With respect to the claim of undue influence, the appellants established that Hansard had no relationship of confidence or trust with the plaintiff, much less that he abused any such position by " 'moral coercion . . . which, by importunity which could not be resisted, constrained the [plaintiff] to do that which was against [her] free will and desire but which [she] was unable to refuse or too weak to resist' " (*Matter of Chiurazzi*, 296 AD2d 406, 407 [2002], quoting *Children's Aid Socy. of N.Y. v Loveridge*, 70 NY 387, 394 [1877]; *see Mandell v Finkel*, 298 AD2d 365 [2002]; *Alston v Gregory*, 281 AD2d 440 [2001]; *Hennessey v Ecker*, 170 AD2d 650 [1991]). The plaintiff failed to raise a triable issue of fact in opposition to this showing, conceding that Hansard never managed her day-to-day affairs, was a casual acquaintance, and that the challenged transaction was effected at arm's length.

Moreover, after the appellants made out a prima facie case for summary judgment, the plaintiff failed to raise a triable issue with respect to her alleged lack of mental capacity (*see Lukaszuk v Lukaszuk*, 304 AD2d 625 [2003]; *Smith v Comas*, 173 AD2d 535 [1991]). The information adduced in the affidavits, and at the depositions of the various parties and witnesses, established that the plaintiff was capable of taking care of her financial affairs at the time she executed the deed, and was not "so affected" by her condition "as to render [her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction" (*Feiden v Feiden*, 151 AD2d 889, 890 [1989], quoting *Aldrich v Bailey*, 132 NY 85, 89 [1892]) or "unable to control [her] conduct" (*Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196, 203 [1969]; *see Call v Ellenville Natl. Bank*, 5 AD3d 521 [2004]; *Lukaszuk v Lukaszuk, supra*; *Matter of Lee*, 294 AD2d 366, 367 [2002]; *Gala v Magarinos*, 245 AD2d 336 [1997]; *Smith v Comas, supra*).

Accordingly, the appellants' motions for summary judgment should have been granted, and the complaint dismissed insofar as asserted against them. In light of our determination, we do not reach their remaining contention. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.