■ ETHEL L. BUCKLEY et al., Respondents, v RITCHIE KNOP, INC., Appellant. (And a Third-Party Action.) [838 NYS2d 84]—

In an action, inter alia, to cancel a deed and set aside a conveyance of real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated May 12, 2006, as denied those branches of its motion which were for summary judgment dismissing the first, second, and third causes of action and to vacate so much of an order of the same court dated November 5, 2004, as granted that branch of the motion of the plaintiff Franklin Robinson which was for a preliminary injunction enjoining an eviction proceeding pending against him in the Civil Court of the City of New York, Kings County, and granted the plaintiffs' cross motion for leave to amend the caption to add Teresa Buckley as a party plaintiff and to reflect that Franklin Robinson and Teresa Buckley had been appointed guardians of the plaintiff Ethel L. Buckley.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, and substituting therefor a provision granting that branch of the motion, and (2) by adding a provision thereto requiring Franklin Robinson to post an undertaking pursuant to CPLR 6312; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to fix an appropriate undertaking pursuant to CPLR 6312.

On May 19, 2003 83-year-old Ethel L. Buckley (hereinafter Buckley) conveyed her premises located at 766 Hancock Street (hereinafter Hancock Street premises) to the defendant, Ritchie Knop, Inc. Approximately eight months after the sale, Buckley

and her son, Franklin Robinson, commenced this action to set aside the conveyance, alleging, inter alia, that Buckley had been in a state of cognitive decline for a number of years, and that the defendant paid only $100,000 for the Hancock Street premises, which had a fair market value of $380,000. Shortly thereafter, Robinson and his sister, Teresa Buckley (hereinafter Teresa), filed a petition pursuant to Mental Hygiene Law article 81 seeking to be appointed as their mother's guardians. After a hearing at which Robinson and Teresa presented evidence that their mother was suffering from Alzheimer's disease, the Supreme Court (Leventhal, J.) determined that Buckley was an incapacitated person, and appointed her children as her guardians.

The defendant subsequently moved, inter alia, for summary judgment dismissing the complaint. The defendant also sought to vacate so much of a prior order as had granted Robinson a preliminary injunction barring proceedings to evict him from the Hancock Street premises, where he and Buckley reside, on the ground that the court had failed to require that an undertaking be posted. Robinson and Teresa opposed the motion on their mother's behalf, and cross-moved to amend the caption to reflect that she had been adjudicated incompetent, and they had been appointed her guardians. The Supreme Court granted the defendant's motion only to the extent of dismissing a forgery claim set forth in the complaint, and Robinson's individual claims, which were set forth in the fourth cause of action. The court also granted the cross motion to amend the caption of the action.

Contrary to the defendant's contention, the Supreme Court properly denied those branches of its motion which were to dismiss the first and second causes of action to set aside the conveyance based upon Buckley's incompetence, and fraud. As a general rule, a party's competence is presumed, and in order to set aside a transfer of property on the ground of lack of capacity, it must be established that the party did not understand the nature of the transaction at the time of the conveyance as a result of his or her mental disability (see *Crawn v Sayah*, 31 AD3d 367 [2006]; *Whitehead v Town House Equities, Ltd.*, 8 AD3d 367 [2004]; *Feiden v Feiden*, 151 AD2d 889 [1989]; *Lopresto v Brizzolara*, 91 AD2d 952 [1983]). Although persons suffering from a disease such as Alzheimer's are not presumed to be wholly incompetent (see *Matter of Rose S.*, 293 AD2d 619 [2002]; *Matter of Waldron*, 240 AD2d 507 [1997]), the evidence submitted by Robinson and Teresa in opposition to the motion, which included medical testimony presented at the competency

hearing, was sufficient to raise an issue of fact as to whether Buckley was competent on the date of the conveyance (*see Sepulveda v Aviles*, 308 AD2d 1 [2003]; *Inman v Inman*, 97 AD2d 864 [1983]). Furthermore, the plaintiffs' submissions also raised issues of fact as to whether the defendant was a bona fide purchaser for value who lacked actual knowledge of Buckley's condition, and whether the conveyance was void by reason of fraud in the execution (*see Drisin v Landau*, 243 AD2d 262 [1997]; *cf. Whitehead v Town House Equities, Ltd., supra*).

However, we agree with the defendant's contention that the court should have granted that branch of its motion which was for summary judgment dismissing the third cause of action to set aside the conveyance on the ground that Buckley had previously given Robinson a power of attorney appointing Robinson her attorney-in-fact for real estate transactions. "To the extent permitted by law and the terms of the power of attorney, an attorney-in-fact may act for [his or] her principal in all matters that do not require the principal to act for himself [or herself]" (*Matter of Rice v Novello*, 25 AD3d 992, 993 [2006]; *see Zaubler v Picone*, 100 AD2d 620, 621 [1984]). However, the appointment of an attorney-in-fact does not bar the principal from acting for herself, and the existence of a power of attorney does not, in and of itself, invalidate a conveyance made by the principal.

Furthermore, since CPLR 6312 (b) clearly and unequivocally requires the party seeking an injunction to post an undertaking, the Supreme Court should have required Robinson to post an undertaking (*see Glorious Temple Church of God in Christ v Dean Holding Corp.*, 35 AD3d 806 [2006]; *Gaentner v Benkovich*, 18 AD3d 424 [2005]; *Ying Fung Moy v Hohi Umeki*, 10 AD3d 604 [2004]). Accordingly, we remit this matter to the Supreme Court, Kings County, for the fixing of an appropriate undertaking.

Finally, the Supreme Court properly exercised its discretion in granting the cross motion for leave to amend the caption to reflect that Buckley had been adjudicated incompetent, and her children had been appointed her guardians (*see* CPLR 3025 [b]). Crane, J.P., Ritter, Krausman and Dillon, JJ., concur.