■ ROBERT THOMAS, Appellant, v RITA GRAY, Respondent. [995 NYS2d 168]—

In an action, inter alia, for specific performance of a lease and purchase option agreement therein, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated September 23, 2012, which, after a nonjury trial, is in favor of the defendant and against him, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in favor of the plaintiff and against the defendant on the cause of action for specific performance of the purchase option agreement.

In May 1997, the plaintiff entered into a lease to rent certain premises for a period of 20 years. The lease included an addendum with an option to purchase the subject premises for the sum of $300,000. The premises were owned by Lisence Realty Corp. (hereinafter Lisence Realty), the principal of which was

Lloyd Lee, one of the defendant's brothers. The lease and the addendum, however, were signed by Richard DeSouza, another of the defendant's brothers. In 1999, Lisence Realty transferred ownership of the premises to the defendant without any monetary consideration. In August 2008, the plaintiff exercised his option to purchase the premises. When the defendant refused to sell the subject property to the plaintiff, he commenced this action, inter alia, for specific performance of the purchase option agreement. The defendant interposed affirmative defenses, including that DeSouza lacked the capacity to execute the subject lease and addendum on behalf of Lisence "due to alcoholism"; that the lease was "procured by fraud, duress and coercion," since the plaintiff provided alcohol to DeSouza, whom the plaintiff knew was an alcoholic undergoing treatment, so as to obtain DeSouza's signature on the lease and addendum; and that DeSouza "was never a corporate officer or agent of Lisence" and, thus, had no authority to enter into any agreement on behalf of Lisence.

After a nonjury trial, the trial court determined that the option to purchase was invalid because the plaintiff had induced DeSouza to affix his signature to the lease and addendum by purchasing beer for DeSouza before he signed them and because DeSouza was intoxicated at the time he signed the documents, and, in effect, dismissed the complaint. The plaintiff appeals, asserting that the defendant did not prove that DeSouza was incapacitated when he signed the lease and addendum, and that the plaintiff demonstrated that he was entitled to specific performance. We agree.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (*Hall v Sinclaire*, 35 AD3d 660, 661 [2006]). The burden of proving incompetence rests on the party asserting incapacity to enter into an agreement (*see Adsit v Wal-Mart Stores, Inc.*, 79 AD3d 1168, 1169 [2010]; *Smith v Comas*, 173 AD2d 535 [1991]). To prevail, a party asserting incapacity must show that his "mind was 'so affected as to render him wholly and absolutely incompetent to comprehend and understand the nature of the transaction' " (*Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1284 [2007], quoting *Aldrich v Bailey*, 132 NY 85, 89 [1892]; *see Whitehead v Town House Equities, Ltd.*, 8 AD3d 367, 369 [2004]). "[N]either hindsight nor regret establishes incompetency" (*Sears v First Pioneer Farm Credit, ACA*, 46 AD3d at 1285).

Here, the trial court's determination in favor of the defendant and, in effect, dismissing the complaint, was not warranted by the facts. The plaintiff's evidence established the existence of a purchase option agreement. The plaintiff provided expert evidence that DeSouza's signature on the lease and the addendum thereto were that of the same person, contradicting DeSouza's claim that he did not sign the addendum. The defendant, however, failed to meet her burden of establishing any of the defenses she asserted (*see Adsit v Wal-Mart Stores, Inc.*, 79 AD3d at 1169-1170). She provided no proof, other than DeSouza's somewhat inconsistent testimony, that DeSouza was an alcoholic or was so intoxicated at the time he signed the documents that he was unable to comprehend and understand the nature of the transaction (*see Whitehead v Town House Equities, Ltd.*, 8 AD3d at 369; *Towner v Towner*, 225 AD2d 614, 615 [1996]). As to any implication that the plaintiff exercised some form of undue influence upon DeSouza, there is no evidence that the plaintiff and DeSouza had a confidential relationship (*see Whitehead v Town House Equities, Ltd.*, 8 AD3d at 369). Nor did the defendant establish that DeSouza lacked the authority to enter into the purchase option agreement. The defendant provided no evidence in support of her claim that DeSouza was not, in fact, a corporate officer or agent of Lisence Realty. Further, even if DeSouza had no actual authority, under the circumstances presented here, it was reasonable for the plaintiff to have believed that DeSouza had apparent authority to bind Lisence Realty (*see Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551 [1997]; *Hallock v State of New York*, 64 NY2d 224, 231 [1984]). Thus, the trial evidence established the existence of a valid purchase option agreement.

The trial evidence also established that the plaintiff substantially complied with his contractual obligations and was ready, willing, and able to proceed with the purchase at the time he sought to exercise the option (*see Corner Assoc. Holdings, LLC v H.V.K. Realty Holding Co.*, 63 AD3d 774, 776 [2009]; *CNR Healthcare Network, Inc. v 86 Lefferts Corp.*, 59 AD3d 486, 489 [2009]; *Roland v Benson*, 30 AD3d 398, 399-400 [2006]; *cf. Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *3M Holding Corp. v Wagner*, 166 AD2d 580 [1990]). Accordingly, the trial court should have awarded specific performance to the plaintiff. Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.