Matter of Gold (2019 NY Slip Op 02342)





Matter of Gold


2019 NY Slip Op 02342


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-10438

[*1]In the Matter of Grace K. Gold, etc., deceased. Kenneth Gold, appellant; Cheryl Gold, et al., respondents. (File No. 11-367745/C)


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (Brian Thomas McCarthy of counsel), for appellant.
McLaughlin & Stern, LLP, New York, NY (Ralph R. Hochberg, Verley A. Brown, and Jonathan A. Jeremias of counsel), for respondents.



DECISION & ORDER
In a probate proceeding in which Kenneth Gold petitioned, inter alia, pursuant to SCPA 702 to obtain limited letters of administration for the estate of Grace K. Gold, Kenneth Gold appeals from a decree of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated August 18, 2016. The decree, upon granting that branch of the motion of the respondents Cheryl Gold and Amy Gold Kaufman which was for summary judgment dismissing the amended petition, dismissed the amended petition.
ORDERED that the decree is affirmed, with costs.
The decedent, Grace K. Gold, died on November 8, 2011. Grace was survived by her husband, Eugene Gold, and their three children, Kenneth Gold (hereinafter the appellant), and the respondents, Cheryl Gold and Amy Gold Kaufman. Grace left a will dated February 4, 2011, which nominated Eugene as executor. On November 15, 2011, the appellant signed a waiver and consent to the probate of Grace's will. Eugene died two years later, leaving a will and codicils for which Cheryl was the nominated executor. Grace's will, inter alia, created a trust that provided income to Eugene during his lifetime, and which terminated upon Eugene's death. Grace's will also provided, in pertinent part, that Eugene had a limited power of appointment over the principal of the trust exercisable in favor of one or more of Grace's descendants. Eugene's will provided, inter alia, with respect to the subject trust, that $2 million be distributed to each of the two respondents with the balance to be distributed to Eugene's descendants per stirpes. Eugene's will contained an in terrorem clause.
After Cheryl offered Eugene's will for probate, the appellant sought to rescind his waiver and consent with respect to Grace's will, and moved to stay the probate of Eugene's will, based on his assertion, inter alia, that Grace lacked capacity at the time she executed her will. In a decision dated July 31, 2014, the Surrogate's Court determined, in pertinent part, that the appellant failed to show that Grace lacked capacity at the time she executed her will.
The appellant thereafter petitioned, inter alia, for letters of limited administration pursuant to SCPA 702 with respect to Grace's estate, based upon his assertions that Grace lacked [*2]capacity and was subject to undue influence at the time she executed the subject trust and a certain settlement agreement that she and Eugene entered into with the Internal Revenue Service on June 27, 2011. The respondents moved, inter alia, for summary judgment dismissing the amended petition. The Surrogate's Court granted that branch of their motion which was for summary judgment dismissing the amended petition.
We agree with the Surrogate's Court's determination that Grace is presumed to have been competent when she executed the subject trust and settlement agreement with the Internal Revenue Service (see Buckley v Ritchie Knop, Inc., 40 AD3d 794, 795; Feiden v Feiden, 151 AD2d 889, 890), and that the appellant failed to meet his burden to rebut that presumption (see Matter of Nurse, 160 AD3d 745, 747; Thomas v Gray, 121 AD3d 1091, 1092; Buckley v Ritchie Knop, Inc., 40 AD3d at 795; Smith v Comas, 173 AD2d 535, 535; see also Matter of Bordell, 162 AD3d 1262, 1263; Feiden v Feiden, 151 AD2d at 890). We also agree with the court's determination that the appellant failed to meet his burden, in opposition to the respondents' prima facie establishment of their entitlement to judgment as a matter of law, to raise a triable issue of fact as to whether Grace executed the subject documents as the result of any undue influence (see Hearst v Hearst, 50 AD3d 959, 962; Matter of Connelly, 193 AD2d 602, 602). The appellant's remaining contentions are without merit. Accordingly, we agree with the court's determination that the respondents were entitled to summary judgment dismissing the amended petition.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court