Hernandez v NYU Langone Hosp. Brooklyn
2026 NY Slip Op 03781
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nina Hernandez, etc., respondent,
v
NYU Langone Hospital Brooklyn, defendant, Hamilton Park Multicare, LLC, etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-10291, (Index No. 537933/23)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Barker Patterson Nichols, LLP, Garden City, NY (Rosemary E. Martinson of counsel), for appellant.
Sinel & Olesen (Thomas Torto, New York, NY [Jason Levine], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant Hamilton Park Multicare, LLC, appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 9, 2024. The order denied that defendant's motion to compel arbitration or, in the alternative, to transfer venue of the action from Kings County to Nassau County.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
Reinaldo Hernandez (hereinafter the decedent) allegedly was a resident of a nursing home operated by the defendant Hamilton Park Multicare, LLC (hereinafter Hamilton Park), until his death in March 2022. Upon his admission to Hamilton Park, the decedent allegedly executed an agreement, which contained a forum selection clause directing any action to be brought in Nassau County, and an arbitration agreement (hereinafter the agreements). The plaintiff commenced this action in Supreme Court, Kings County, to recover damages for the decedent's pain and suffering and wrongful death. Hamilton Park moved to compel arbitration or, in the alternative, to transfer venue of the action from Kings County to Nassau County. In an order dated August 9, 2024, the Supreme Court denied Hamilton Park's motion. Hamilton Park appeals.
"A party seeking to compel arbitration must establish the existence of a valid agreement to arbitrate" (Wolf v Hollis Operating Co., LLC, 211 AD3d 769, 770 [internal quotation marks omitted]). "Accordingly, on a motion to compel or stay arbitration, a court must determine, 'in the first instance . . . whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567, 569, quoting Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 999). With respect to forum selection clauses, "[i]n addition to demonstrating the existence and terms of a contractual forum selection clause, the proponent of . . . such a clause must also demonstrate, prima facie, that it is enforceable against the other party" (Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1055 [citation omitted]).
"[A] party may resist enforcement of an agreement to arbitrate on any basis that could [*2]provide a defense to or grounds for the revocation of any contract, including . . . lack of contractual capacity" (Matter of Teleserve Sys., Inc. [MCI Telecom. Corp.], 230 AD2d 585, 592). "The burden of proving incompetence rests on the party asserting incapacity to enter into an agreement" (Thomas v Gray, 121 AD3d 1091, 1092). "To prevail, a party asserting incapacity must show that his [or her] 'mind was so affected as to render him [or her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction'" (id. [internal quotation marks omitted], quoting Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1284).
Here, Hamilton Park met its burden of establishing the existence and enforceability of the agreements by submitting, inter alia, copies of the executed agreements and an affirmation from a representative of Hamilton Park who attested that she was present during the execution of the agreements and that the decedent was alert, oriented, and nodded to indicate that he understood.
However, in opposition, the plaintiff raised an issue of fact as to whether the decedent had the capacity to understand and execute the agreements. According to medical records submitted by the plaintiff, the decedent was discharged from a hospital the day before he executed the agreements and had active health problems, including "[d]elirium due to general medical condition" and "[a]ltered mental status." The medical records also indicated that the decedent had previously "nod[ded] to . . . questions inappropriately." Hamilton Park did not challenge the admissibility of the medical records or submit any further evidence in reply. Under the circumstances, the Supreme Court should have held a hearing to determine whether the decedent possessed the mental capacity to execute the agreements. Accordingly, we remit the matter to the Supreme Court, Kings County, for that purpose, and for a new determination thereafter of Hamilton Park's motion to compel arbitration or, in the alternative, to transfer venue of the action from Kings County to Nassau County (see generally McCarthy v Sea Crest Health Care Ctr., LLC, 189 AD3d 818, 819; Cy & Ry Corp. v Wagner, 80 AD2d 840, 840).
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court