■ WILLIAM G. HUBBARD, JR., Respondent, v CORNELIA H. GATZ, Appellant.—In an action pursuant to RPAPL article 15 to determine a claim to real property, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), dated June 5, 1986, which, after a nonjury trial, *inter alia,* declared that the plaintiff is the sole owner of the subject property, and barred the defendant from asserting any claim thereto.

Ordered that the judgment is affirmed, with costs.

The plaintiff William G. Hubbard, Jr., and his father, William G. Hubbard, Sr., owned a duck farm in the Town of Riverhead as tenants in common until May 1978 when they executed a correction deed making each a joint tenant. The defendant, the daughter of William G. Hubbard, Sr., who otherwise would have received a one-half interest in the

property under her father's will, refused to sign a quitclaim deed to the property after his death. This action by the plaintiff to compel the determination of a claim to real property ensued. The only affirmative defense raised by the defendant concerned her father's competency to execute the correction deed.

At the trial, the defendant introduced evidence that her father had been diagnosed as suffering from organic brain syndrome in April 1978. In light of that evidence, the burden shifted to the plaintiff to prove by clear and satisfactory evidence that his father possessed the requisite mental capacity at the time he executed the correction deed. We decline to disturb the trial court's finding that the plaintiff met his burden of proof, since it was largely based on the credibility of the witnesses. We note that evidence was presented that the plaintiff's father had discussed the correction deed with a lawyer prior to signing it and that he had rational conversations with acquaintances during the relevant period.

In her pleadings and at the trial, the defendant did not allege any undue influence, fraud or coercion on the plaintiff's part based on his family and business relationship with the decedent but offered evidence only concerning the decedent's alleged incompetency. In the absence of any such allegations, the burden did not shift to the plaintiff to affirmatively prove the absence of such wrongful conduct (see, Matter of Gordon v Bialystoker Center & Bikur Cholim, 45 NY2d 692, 698-699). In any event, we find no evidence in the record to support an inference that the plaintiff was guilty of such conduct.

Finally, the trial court properly excluded as irrelevant evidence of the decedent's mental condition from 1 to 3 years after the date the correction deed was executed. Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.