■ MAUREEN KEATING, Respondent, v SAUL WEINBERGER et al., Appellants.—In an action to rescind a lease on the ground of constructive fraud, the defendants appeal from a judgment of the Supreme Court, Queens County (Graci, J.), dated May 24, 1988, which, after a nonjury trial, was in favor of the plaintiff rescinding the lease.

Ordered that the judgment is affirmed, with costs.

The plaintiff's decedent, James Keating, was the owner of a commercial parking lot located on Northern Boulevard in Flushing, New York. On February 18, 1985, Keating, who was then in his mid-eighties, entered into a lease with Milaman Associates, Inc., and its president, Saul Weinberger. The record establishes that the defendant Weinberger had been Keating's attorney and accountant for many years and that Weinberger and/or his son had drafted the lease in question. The record further discloses that Keating had signed the lease without reading its contents, because he "trusted" Weinberger.

James Keating commenced this action to rescind the lease on the ground of constructive fraud. He alleged that defendant Weinberger, without his knowledge or consent, inserted into the lease a clause which granted the defendants an option to purchase the premises for the sum of $375,000.

We find, as did the trial court, that Keating satisfied his initial burden of proving that a confidential or fiduciary relationship existed between himself and the defendant Weinberger (see, Matter of Gordon v Bialystoker Center & Bikur Cholim, 45 NY2d 692, 698; Matter of Kurtz, 144 AD2d 468, 469). As a result, the defendants were required to demonstrate that the agreement entered into by the parties was not the product of fraud or undue influence (see, Matter of Anrig, 73 AD2d 947). The defendants failed to sustain this burden. Rather, the record supports the trial court's conclusion that the defendant Weinberger took advantage of his long-term, fiduciary relationship with Keating and that the resulting transaction was tainted by fraud and overreaching on the defendants' part.

We have reviewed the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.