■ RICHARD C. SMITH, Respondent, v ANGEL COMAS et al., Defendants, and ARNALDO J. COMAS, JR., Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant Arnaldo J. Comas, Jr., appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered November 28, 1989, which, after a nonjury trial, is in favor of the plaintiff and against him.

Ordered that the judgment is affirmed, with costs.

The appellant's principal contention is that because of his mental condition he lacked the capacity to enter into the contract for the sale of the real property at issue. The burden of proving mental incompetence is on the party asserting it *(see, Feiden v Feiden,* 151 AD2d 889, 890; *Matter of Gebauer,* 79 Misc 2d 715, 719, *affd* 51 AD2d 643). We agree with the Supreme Court that the appellant failed to sustain his burden. The focus of the inquiry was whether the appellant was capable of comprehending and understanding the nature of the transaction at issue *(see, Ortelere v Teachers' Retirement Bd.,* 25 NY2d 196, 202; *Aldrich v Bailey,* 132 NY 85, 89), or whether the appellant, due to his mental illness, was unable to control his conduct *(see, Ortelere v Teachers' Retirement Bd., supra,* at 203). The appellant's medical expert was unable to state with a reasonable degree of medical certainty that the appellant at the time of the transaction at issue would have been unable to understand the nature of the transaction and the consequences of his signing of the contract of sale. Furthermore, the Trial Judge found the appellant's testimony as to his mental condition lacked credibility. Due deference must be given to the Trial Judge's assessment of credibility as he is in the best position to evaluate the evidence and the credibility of witnesses *(see, Matter of Liccione v John H.,* 65 NY2d

826, 827; *Roache v City of Mount Vernon,* 160 AD2d 863). We perceive no basis in the record to disturb his findings and, accordingly, adopt the Supreme Court's conclusion that the burden of proving incompetency was not sustained. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.