■ Top-All Varieties, Inc., Appellant, v Raj Development Co. et al., Respondents. (Action No. 1.) Richard Albert, Respondent, v Top-All Varieties, Inc., Appellant. (Action No. 2.)—In two actions, *inter alia,* for judgments declaring the parties' respective rights under a lease, the tenant Top-All Varieties, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered September 21, 1989, as granted that branch of a motion by Raj Development Co. and Richard Albert, the defendants in Action Number 1, for summary judgment dismissing the fourth and fifth causes of action in Action Number 1, and for leave to Richard Albert to discontinue Action Number 2, and denied its cross motion to consolidate Action Number 1 and Action Number 2.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this landlord/tenant dispute involving two actions commenced in the Supreme Court, the tenant Top-All Varieties, Inc., contends that the court erred in dismissing its fourth cause of action seeking a judgment declaring that it need not pay certain expenses charged by the landlord, Raj Development Co., as "common area" expenses. At the time that the court dismissed this cause of action, a summary proceeding had been commenced by the landlord for nonpayment of disputed water charges as well as the "common area" charges. Since there was a summary proceeding pending between the same parties in which all issues could be decided *(see, Woollard v Schaffer Stores Co.,* 272 NY 304, 313; *New York Univ. v Molner,* 119 Misc 2d 989), the court properly determined that the tenant could not seek declaratory relief as to its rights under the lease concerning "common area" charges. We note that this court, on a prior motion by the tenant, refused to stay the same summary proceeding after June 18, 1990, and the trial of that proceeding is imminent.

We also find that the court did not err in dismissing the tenant's fifth cause of action seeking an accounting concerning some alleged overcharged "common area" expenses. A fiduciary relationship between the parties is necessary in order to obtain an accounting *(see, Mendelson v Feinman,* 143 AD2d 76). The tenant has not established a fiduciary relationship between the parties justifying such a remedy *(see, Keating v Weinberger,* 160 AD2d 675; *NOPA Realty Corp. v Central Caterers,* 91 AD2d 991).

We have reviewed the tenant's remaining contentions and find them to be without merit. Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.