■ In the Matter of the Estate of GRANT WALDRON, Deceased. GLORIA A. EDLIN et al., Appellants-Respondents; CAROLYN BARBA, Respondent-Appellant. [659 NYS2d 290] —In a discovery proceeding, *inter alia,* to recover certain funds of a decedent, (1) the executors of the estate, Gloria A. Edlin and Charlotte Caldwell, appeal from so much of an amended decree of the Surrogate's Court, Rockland County (Weiner, S.), dated November 3, 1995, as, after a jury trial, denied their claim for reimbursement except to the extent that the respondent Car-

olyn Barba was directed to pay to them the principal sum of $150,294.44, and (2) the respondent cross-appeals from the same amended decree.

Ordered that the cross appeal is dismissed, without costs or disbursements, as abandoned; and it is further,

Ordered that the amended decree is affirmed, without costs or disbursements.

"[A] jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134, citing *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643).

The determination of the jury that the decedent was competent at the time he changed certain of his bank accounts to joint accounts with the respondent-appellant Carolyn Barba was not against the weight of the evidence as the executors failed to overcome the presumption of competency *(see, Smith v Comas,* 173 AD2d 535; *Feiden v Feiden,* 151 AD2d 889, 890). Persons suffering from disease, such as Alzheimer's disease, are not presumed to be wholly incompetent *(see, Feiden v Feiden, supra,* at 891). Rather, in such cases it must be shown that, because of the affliction, the person was incompetent at the time of the transaction *(see, Feiden v Feiden, supra).* Here, the evidence presented by the executors in support of their contention that the decedent was incompetent at the time that the ownership of the subject bank accounts was changed, consisted, *inter alia,* of medical evidence indicating that some eight to nine months *after* changing the accounts, the decedent suffered from senile dementia. As such, it cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence *(see, Nicastro v Park, supra)* since the executors did not persuasively refute the respondent's proof that the decedent was competent at the time of the conveyances.

We have reviewed the executors' remaining contentions and find that they do not require reversal. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.