■ Joseph C. Gala, Appellant, v Renata G. De R. Magarinos et al., Respondents. [665 NYS2d 95] —In an action, *inter alia,* to impose a constructive trust and for an accounting, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered August 27, 1996, which, upon a verdict in favor of the defendants and against him after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

After the death of his parents, the plaintiff commenced this action against the defendants Renata G. De R. Magarinos and Jose R. Magarinos, his sister and brother-in-law, contending that they had exerted undue influence over his parents, both of whom, he claimed, were rendered incompetent by Alzheimer's disease, and depleted their estates. After a nonjury trial, the Supreme Court dismissed the complaint.

The record supports the court's conclusion that both parents were of sound mind and appropriate capacity at the time they executed certain challenged documents. Even had the court credited the plaintiff's claim that both of his parents suffered from Alzheimer's disease, one suffering from Alzheimer's disease is not presumed to be wholly incompetent. Rather, it must be demonstrated that, because of the affliction, the individual was incompetent at the time of the challenged transaction (*see, Matter of Waldron,* 240 AD2d 507; *Feiden v Feiden,* 151 AD2d 889, 891). Here, the attorneys who supervised the execution of the various documents, and the subscribing witnesses thereto, testified without contradiction that the parents appeared to be capable of comprehending and understanding the nature of the transactions at issue (*see, Ortelere v Teachers' Retirement Bd.,* 25 NY2d 196, 202; *Smith v Comas,* 173 AD2d 535).

Moreover, the plaintiff did not establish that a confidential relationship existed between him and the defendants. Accordingly, he failed to demonstrate a right either to the imposition of a constructive trust (*see, e.g., Scivoletti v Marsala,* 97 AD2d 401, 402, *affd* 61 NY2d 806; *Martin v Martin,* 169 AD2d 821, 822) or an accounting (*see, e.g., Adam v Cutner & Rathkopf,* 238 AD2d 234; *Top-All Varieties v Raj Dev. Co.,* 173 AD2d 604).

The plaintiff's remaining contentions are without merit. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.