■ In the Matter of the Estate of DAVID M. LEE, Deceased. CAROL M.L. CORBETT, Appellant; BANK OF NEW YORK et al., Respondents. [741 NYS2d 721] —In a proceeding to judicially settle the account of the surviving executor of the Estate of David M. Lee, the objectant appeals, as limited by her brief,

from stated portions of a decree of the Surrogate's Court, Putnam County (Rooney, S.), dated March 16, 2001, which, after a nonjury trial, inter alia, dismissed certain of her objections to the account, approved the legal fee of the deceased coexecutor, Dante Alessandro, in the principal sum of $16,666.66, discharged the surviving executor, and directed the respondent Steven James Lee to pay $2,764.58 to the estate.

Ordered that the appeal from so much of the decree as ordered the respondent Steven James Lee to pay $2,764.58 to the estate is dismissed, as the objectant is not aggrieved by that portion of the decree (*see* CPLR 5511; *Scopelliti v Town of New Castle,* 92 NY2d 944); and it is further,

Ordered that the decree is affirmed insofar as reviewed, with one bill of costs payable by the objectant personally to the respondents appearing separately and filing separate briefs.

The determination of the Surrogate's Court that the decedent was competent on the dates he executed the inter vivos trusts was not against the weight of the evidence, as the objectant failed to overcome the presumption of competency (*see Smith v Comas,* 173 AD2d 535; *Feiden v Feiden,* 151 AD2d 889, 891). A person suffering from disease, such as organic brain syndrome, is not presumed to be wholly incompetent. Rather, it must be shown that, because of the affliction, the person was incompetent at the time of the transaction (*see Gala v Magarinos,* 245 AD2d 336; *Matter of Waldron,* 240 AD2d 507; *Feiden v Feiden, supra*).

The objectant did not refute the executor's proof that the decedent had periods of lucidity and was competent on the dates he executed the trusts (*see Gala v Magarinos, supra; Matter of Waldron, supra*). Thus, it cannot be said that the Surrogate's Court could not have reached its determination on any fair interpretation of the evidence (*see Feiden v Feiden, supra*).

The objectant's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.