■ RUBIN JORDAN, Respondent, v DAVID CLINTON et al., Appellants. [796 NYS2d 629]—

In an action to set aside the conveyance of real property to the defendants and for a judgment declaring that the plaintiff is the owner of the property in question, the defendants appeal from a judgment of the Supreme Court, Kings County (Barasch, J.), dated May 4, 2004, which, upon an order of the same court dated April 2, 2004, granting the plaintiff's motion for summary judgment, inter alia, declared that the plaintiff is the owner of the subject property, declared that the deed purportedly conveying the property from the plaintiff to the defendants was null and void, and awarded the plaintiff possession of the property.

Ordered that the judgment is affirmed, with costs.

The defendant David Clinton (hereinafter the defendant), who is an attorney, claims that he was asked by his brother to prepare a will for their cousin, the plaintiff. The defendant

claims that he suggested to his brother that the brother ask the plaintiff to convey the subject property to him, the defendant. According to the defendant, after three months of discussions, his brother informed him in May 2002 that the plaintiff, who was now hospitalized for mental illness, had agreed to transfer the subject property to the defendant. The defendant acknowledged that he had no direct conversation with the plaintiff until May 20, 2002. There is no deposition testimony from the brother in the record.

On May 20, 2002, the defendant, accompanied by a notary, took the deed and other relevant documents to the hospital. The plaintiff executed the documents in the hospital. The plaintiff's certified hospital records (*see* CPLR 4518 [c]) state that on May 20, 2002, the plaintiff was "still delusional" and further indicate that the plaintiff told hospital personnel that the documents he signed constituted his will. Thereafter, the plaintiff claimed that he never intended to transfer the subject property to the defendant, commenced this action, and moved for summary judgment.

The plaintiff established his entitlement to judgment as a matter of law that he was of unsound mind when he executed the documents in question (*see* Real Property Law § 11; CPLR 4518 [c]). The certified hospital records constituted medical evidence of the plaintiff's unsound mind, which shifted the burden to the defendants of proving that the plaintiff "possessed the requisite mental capacity" (*Hubbard v Gatz*, 130 AD2d 622, 623 [1987]; *see Matter of Rose S.*, 293 AD2d 619, 620 [2002]).

The defendants, in opposition, failed to raise a triable issue of fact with respect to the plaintiff's mental state at the time he executed the documents. Nor did the defendants raise a triable issue of fact as to whether the plaintiff was aware of the nature of the documents he was signing.

The defendants' remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.