■ CHRISTOPHER CAMPBELL et al., Appellants, v NIDIA COLON THOMAS et al., Respondents. [828 NYS2d 178]—

In an action for a judgment declaring null and void (1) the marriage between the defendant Nidia Colon Thomas and the decedent Howard Nolan Thomas, (2) a change in beneficiary in Howard Nolan Thomas' Teacher's Retirement System of the City of New York account, and (3) a change in the ownership of Howard Nolan Thomas' Citibank accounts, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Shapiro, J.), dated October 1, 2004, as denied their motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment declaring null and void (1) the marriage between the defendant Nidia Colon Thomas and the decedent Howard Nolan Thomas, (2) a change in beneficiary in Howard Nolan Thomas' Teacher's Retirement System of the City of New York account, and (3) a change in the ownership of Howard Nolan Thomas' Citibank accounts.

The plaintiffs demonstrated their entitlement to judgment as a matter of law by presenting the affidavits of physicians and family members as well as relevant medical records, which, in combination, revealed that the decedent lacked the capacity to understand his actions before his marriage, and that his mental state only diminished thereafter (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d

557 [1980]; *Jordan v Clinton*, 18 AD3d 817, 818 [2005]). The burden then shifted to the defendant Nidia Colon Thomas (hereinafter Nidia) to raise a triable issue of fact as to the decedent's mental capacity to understand his actions (*see Jordon v Clinton, supra* at 818).

Nidia failed to raise a triable issue of fact as to the decedent's mental capacity to make the decision to marry her. Furthermore, because she failed to controvert the physicians' affidavits, which indicated that the decedent's mental condition only worsened after his marriage, she failed to raise a triable the issue of fact as to the decedent's requisite mental capacity to make the subject changes to his bank accounts. Miller, J.P., Crane, Fisher and Dillon, JJ., concur.