In the Matter of MILDRED M.J., an Alleged Incapacitated Person. ADA ESTHER CAINES, Appellant; DAVID JOHST et al., Respondents. [844 NYS2d 539]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oswego County (John J. Elliott, A.J.), entered June 26, 2006 in a proceeding pursuant to Mental Hygiene Law article 81. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Petitioner appeals from a judgment upholding the validity of a power of attorney and health care proxy on behalf of the subject alleged incapacitated person (AIP), dismissing the petition in which petitioner sought to be appointed as the AIP's guardian, and ordering petitioner to pay for the services of the court evaluator. Petitioner is one of the AIP's five living children, and the health care proxy named respondent Janice I. Johst, another child of the AIP, as the AIP's agent, while the power of attorney named Janice's son as the AIP's agent. We affirm.

Supreme Court properly determined that petitioner failed to meet her burden of showing that the AIP lacked capacity when she signed the 2004 power of attorney and the 2004 health care proxy. A person is incompetent to authorize a transaction only if "the person's mind was 'so affected as to render him [or her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction' " (*Feiden v Feiden,* 151 AD2d 889, 890 [1989], quoting *Aldrich v Bailey,* 132 NY 85, 89 [1892]). Although there was testimony at the hearing on the petition that the AIP suffered from moderate dementia, there is no presumption that a person suffering from dementia is wholly incompetent. "Rather, it must be demonstrated that, because of the affliction, the individual was incompetent at the time of the challenged transaction" (*Gala v Magarinos,* 245 AD2d 336, 336 [1997]). Here, the record contains the testimony of a physician and nurse practitioner that the AIP would have been able to understand questions such as whom she would like to make her health care decisions if she were unable to do so and whether she would like her grandson to handle her financial affairs. Additionally, the attorneys who were present at the execution of the documents in question testified that, when they met with the AIP and discussed the documents, she was capable of understanding the nature of the transactions that she was authorizing.

Contrary to the further contention of petitioner, she failed to meet her burden of establishing that respondents exercised undue influence when they allegedly coerced the AIP into simultaneously revoking a power of attorney previously executed by her and signing a new power of attorney and health care proxy. Undue influence is " 'the product of persistent and subtle suggestion imposed upon a weaker mind and calculated, by the exploitation of a relationship of trust and confidence, to overwhelm the victim's will to the point where it becomes the willing tool to be manipulated for the benefit of another' " (*Matter of Collins,* 124 AD2d 48, 53 [1987]). Where there is a

confidential relationship between the beneficiary of the transaction and the AIP, the beneficiary has the burden of establishing that the transaction was "fair and free from undue influence" (*Feiden,* 151 AD2d at 891), but here the burden never shifted from petitioner to respondents. "[T]he existence of a family relationship does not, per se, create a presumption of undue influence; there must be evidence of other facts or circumstances showing inequality or a controlling influence" (*id.*), and the party alleging undue influence must show not only that the accused party had motive and opportunity but must also show that the accused party in fact exercised such influence (*see Matter of Fiumara,* 47 NY2d 845, 846 [1979]). Here, the court properly concluded that petitioner failed to establish that respondents had a confidential relationship with the AIP, and she failed to establish that respondents exercised undue influence in connection with the AIP's authorizations of the 2004 power of attorney and the 2004 health care proxy.

Also contrary to petitioner's contention, the court did not err in failing to appoint counsel for the AIP. The court's determination that the 2004 power of attorney and the 2004 health care proxy were valid did not trigger the requirements of Mental Hygiene Law § 81.10 with respect to the appointment of an attorney. Finally, the court did not abuse its discretion in ordering petitioner to pay for the services of the court evaluator (*see* § 81.09 [f]). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.