RICHARD F. OLSEN, Appellant, v WILLIAM L. EVERS et al., Respondents. [852 NYS2d 801]—

On October 25, 1998 Georgia Lane was admitted to the hospital with a history of confusion and memory loss. At various times over the next eight days, the 78-year-old Lane was unable to correctly recall the current President, the names of her dogs, or the month. Five minutes after being told she likely suffered a stroke, she could not recall the conversation. An MRI revealed Lane had suffered an "acute infarct anterior thalamus" and her doctors diagnosed her with "severe anterograde amne-

sia." On November 2, 1998 Lane was discharged from the hospital to the care of the plaintiff. At the time, her doctors indicated she would require 24-hour a day assistance. Three days later, Lane executed a deed and a second document conveying, allegedly as gifts, her home and all her personal property located therein to the plaintiff. The following day the plaintiff sought to retain the services of two attorneys for the purpose of recording the deed. After the attorneys spoke with Lane alone, they concluded that she was confused and did not understand what she was doing. As a result, they refused to record the deed for the plaintiff.

Based on the foregoing, the defendants, William L. Evers, as executor of Lane's estate, and Steven Kretz, one of the attorneys who refused to record the deed for the plaintiff, satisfied their burden of proving that Lane was incompetent at the time she executed the subject documents (*see Crawn v Sayah,* 31 AD3d 367, 368 [2006]; *Schlage v Barrett,* 259 AD2d 691 [1999]; *Smith v Comas,* 173 AD2d 535 [1991]; *Feiden v Feiden,* 151 AD2d 889, 890 [1989]). Thus, the Supreme Court properly entered judgment in favor of the defendants declaring the deed null and void and dismissing the complaint.

The plaintiff's remaining contention is without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.