In the Matter of John T., Appellant. Virginia Hanson, Respondent. [989 NYS2d 903]—

In a proceeding, inter alia, pursuant to Public Health Law § 2992 to determine the validity of a health care proxy, John T. appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated April 10, 2013, as, after a hearing, determined that a health care proxy executed by him in 2006 was invalid, appointed his sister, Deirdre M., as "guardian of John [T.] for the purpose of making a health care decision to withhold or withdraw life-sustaining treatment" pursuant to SCPA 1750-b, and appointed a surrogate decision-making committee to act as a "standby guardian."

Ordered that the order is modified, on the law, by deleting the provisions thereof appointing Deirdre M. as the appellant's guardian pursuant to SCPA 1750-b and appointing a surrogate decision-making committee to act as a "standby guardian"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in appointing the appellant's sister, Deirdre M., as his guardian under SCPA article 17-A and in authorizing her to make decisions on his behalf under SCPA 1750-b since, inter alia, that relief was not sought in the petition, among other things, to determine the validity of the appellant's health care proxy (see SCPA 1750, 1752, 1754; see also SCPA 1750-b [1] [a]). The Supreme Court also erred in appointing a surrogate decision-making committee as a "standby guardian" under SCPA article 17-A, since there is no statutory authority for that appointment (see Mental Hygiene Law art 80; see also SCPA 1750-b [1] [a]).

After conducting a hearing at the appellant's bedside at the hospital, as well as in court, the Supreme Court properly determined that the appellant, who has been diagnosed with moderate to severe mental retardation since birth, failed to rebut the presumption that he lacked capacity to execute the subject health care proxy in 2006 or to revoke it in 2013 (see Matter of Rose S., 293 AD2d 619, 620 [2002] ["where there is medical evidence of mental illness or a mental defect, the burden shifts to the opposing party to prove by clear and convincing evidence that the person executing the document possessed the requisite mental capacity"]; see also Matter of Kaminester v Foldes, 51 AD3d 528, 529 [2008]; Hubbard v Gatz, 130 AD2d 622, 623 [1987]). The appellant's remaining contentions with respect to this determination are without merit. Accordingly, the court properly determined that the health care proxy was invalid. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.