[9 NYS3d 551]

In the Matter of CHRISTINA G., Petitioner, for the Appointment of a Guardian of the Person and Property of JOSEPHINE K., an Alleged Incapacitated Person.

Supreme Court, Otsego County, March 16, 2015

**APPEARANCES OF COUNSEL**

*Levelle & Finn, LLP* (*Amy Earing* and *Arkley L. Mastro, Jr.* of counsel) for petitioner.

*Mental Hygiene Legal Service* (*Richard J. Wenig* of counsel) for Josephine K.

*Joseph A. Glazer* for Maryanne G. and another, objectants.

**OPINION OF THE COURT**

DAVID H. GUY, J.

This matter is before the court on the petition of Christina G., niece of Josephine K., dated January 15, 2015, requesting the appointment of a guardian of the person and property of Josephine K., pursuant to article 81 of the Mental Hygiene Law. The order to show cause dated January 26, 2015 appointed Mental Hygiene Legal Service for the Third Department as counsel for Josephine K., the alleged incapacitated person (AIP) and, pending the hearing and determination of the motion, enjoined Maryanne G. and all persons acting under her direction or control, or in concert with her, from doing or suffering to be done any act or omission endangering the welfare of Josephine K., including removing or transporting her from her current residence at The Plains at Parish Homestead (The Plains). In addition to Josephine K., the order to show cause directed service on Maryanne G., niece of the AIP; John G., nephew of the AIP; Irene B., cousin of the AIP; the director of The Plains; and the Schoharie County Department of Social Services. Maryanne G. and John G., by their at-

torney Joseph A. Glazer, Esq., submitted a distributees' reply and objections to the court on February 11, 2015.

The matter was before the court for a hearing at The Plains on February 13, 2015. Present were Josephine K. (Mrs. K.); Mental Hygiene Legal Service (Third Dept.), Richard J. Wenig, Esq., of counsel, court appointed counsel for Mrs. K.; petitioner Christina G.; Amy Earing, Esq. and Arkley L. Mastro, Jr., Esq., attorneys for the petitioner; Maryanne G.; Joseph A. Glazer, Esq., attorney for Maryanne G. and John G.; and Heidi L., memory care coordinator at The Plains.

The court heard testimony from the following individuals in support of the petitioner's case: Christina G., petitioner and Heidi L., memory care coordinator at The Plains.

Maryanne G. testified in opposition to the petitioner's case and in support of her position that if the court determines a guardian is necessary and Christina G. is not disqualified, that Maryanne G. should be appointed as guardian of the person and Christina G. should be appointed as guardian of the property.[1]

Subsequent to the hearing, the parties submitted briefs requested by the court on the question of whether a Florida power of attorney executed by Mrs. K. should be considered valid and enforceable in New York, as well as a summation on other issues.

## Facts

Mrs. K. was living with and was cared for by her husband Edward K. until his hospitalization on October 15, 2014. Shortly after Edward K.'s hospitalization, Schoharie Department of Social Services opened a case on Mrs. K. and assigned a caseworker to her. Edward K. died on December 5, 2014. Mrs. K. has been a resident of the Memory Care Unit of The Plains in Oneonta, New York since December 15, 2014. During the period between Edward K.'s hospitalization and Mrs. K.'s admission to The Plains, she was cared for by John and Diane E. of Stamford, New York, who were close friends of Edward K.

Mrs. K. owns two residences: a New Port Richey, Florida residence listed in the petition as her "Principal Residence," and a residence in Jefferson, New York, referred to in the petition as her "New York Residence."

---

1. This position is set forth in the summation of Maryanne G., not in her responding papers.

Mrs. K. executed a Florida form durable power of attorney (petitioner's exhibit 1) on June 17, 2014 in Florida where she owns her principal residence, appointing her husband Edward K. as her agent and naming her niece Christina G. as successor agent. The power of attorney includes health care decision-making authority. On November 17, 2014, Mrs. K. signed a health care proxy (petitioner's exhibit 2) in New York, naming Christina G. as her health care agent and Diane E. as substitute health care agent. Mrs. K. subsequently signed a health care proxy (respondent's exhibit E) in New York on January 1, 2015, naming her niece Maryanne G. as her health care agent.

Paragraph 12 of the Florida durable power of attorney authorizes the agent to make health care decisions, including the authority to "negotiate and sign contracts, forms, and other documents for my placements in or services of a hospital, assisted care facility, nursing home, home health care agency or health maintenance organization as my agent deems fit." Paragraph 13 gives the agent the authority "to make all health care decisions on my behalf, including, but not limited to, those set forth in Chapter 765."[2] Based on the authority granted to her under the power of attorney, Christina G. moved Mrs. K. to The Plains on December 15, 2014.

On January 3, 2015, Maryanne G. contacted The Plains to advise that she was going to withdraw Mrs. K. from the facility. The Plains refused to release Mrs. K. to Maryanne G. because Christina G. is her attorney-in-fact.

In a conference with the court before the hearing, Mrs. K. stated that both her nieces have and do now help her and she would like them to work together on her behalf. She had no preference of one over the other, stating "If one can't, then the other." She expressed the same opinion to her two nieces during the hearing. There was testimony at the hearing that there has been discord among the three siblings, Christina G., Maryanne G. and John G., since their mother's death in October 2013.

Petitioner Christina G. testified that Edward K. had asked her to take care of Mrs. K. She felt it was necessary to place

---

**2.** Section 765.205 (2) of the Florida Health Care Surrogate Act (Fla Stat ch 765, part II) permits an agent to "authorize the admission, discharge or transfer of the principal to or from a health care facility or other facility or program licensed under chapter 400 or chapter 429." Chapter 400 of the Florida Statutes governs nursing homes and related health care facilities, while chapter 429 of the Florida Statutes governs assisted care communities.

Mrs. K. in a facility to protect her and she used the power of attorney to place her at The Plains.

Maryanne G. raised questions concerning a possible breach of fiduciary duty in Christina G.'s handling of Mrs. K.'s financial affairs as attorney-in-fact and requested a forensic accounting of Mrs. K.'s accounts.

## Findings

■ The court finds that the Florida durable power of attorney dated June 17, 2014 is valid and enforceable in New York. New York's General Obligations Law § 5-1512 provides that a power of attorney executed in another state is valid in New York as long as it is in compliance with the law of the state where it was executed. The power of attorney was signed by the principal (Mrs. K.) and by two subscribing witnesses, and was acknowledged before a notary public, as required by Florida Statutes § 709.2105. Its validity is not challenged.

■ There is substantial question concerning Mrs. K.'s capacity from the fall of 2014 to present time, during which time she executed two health care proxies. Each of Christina G. and Maryanne G. assert Mrs. K.'s lack of capacity to execute the health care proxy naming the other as agent. The court finds that Mrs. K. was without capacity to execute both the health care proxy dated November 17, 2014 and the health care proxy dated January 1, 2015. Both are held invalid and will be revoked. (Mental Hygiene Law § 81.29 [d]; *Matter of John T. [Hanson]*, 119 AD3d 948 [2d Dept 2014]; *Matter of Rose S.*, 293 AD2d 619 [2d Dept 2002].)

Article 81 of the Mental Hygiene Law provides for the least restrictive form of intervention in determining whether the appointment of a guardian is necessary. In this case, since there is a valid power of attorney which is sufficient to provide for Mrs. K.'s financial and health care needs, the court finds that the appointment of a guardian is not necessary and the petition for guardianship should be denied.[3]

Counsel for Mrs. K. has made the point that under Florida Statutes § 709.2109 (3), if any person initiates judicial proceedings to determine the principal's incapacity or for the appointment of a guardian, the power of attorney is suspended until

---

3. While Mental Hygiene Law § 81.29 (d) provides for court revocation of a health care proxy where it finds incapacity and appoints a guardian, the existence and confirmed validity of Mrs. K.'s Florida power of attorney obviates the need for the appointment of a guardian for her.

the petition is dismissed or withdrawn. The suspension of the authority of the power of attorney will terminate as of the date of this decision.

Maryanne G.'s allegations concerning a breach of fiduciary duty by Christina G. as attorney-in-fact and her request for a forensic accounting of the handling of Mrs. K.'s accounts under the power of attorney cannot be addressed in this guardianship proceeding. If there is a valid basis for her to pursue the forensic accounting, it should be undertaken pursuant to article 5 of the General Obligations Law.

The other issues raised by counsel in post-hearing briefs are considered to be moot and irrelevant to the case at hand in light of the court's determination of the validity and effectiveness of the Florida durable power of attorney and are therefore not addressed in this decision.

Now, in furtherance of this decision, it is ordered and adjudged, that the petition for guardianship is hereby denied; and it is further ordered and adjudged, that the Florida durable power of attorney dated June 17, 2014 is deemed to be valid and enforceable in New York; and it is further ordered and adjudged, that the health care proxy dated November 17, 2014 and the health care proxy dated January 1, 2015 are hereby revoked; and it is further ordered and adjudged, that in furtherance of the clearly stated desires of Josephine K., while ultimate medical decision-making authority will lie with Christina G. under the Florida durable power of attorney, Maryanne G. shall have access to Josephine K.'s care and medical providers and information, subject to review by the court in the event that such access becomes burdensome to the care or medical providers; and unless Maryanne G. expresses a desire not to be consulted, Christina G. will consult with her regarding care and medical issues of Josephine K., to the extent reasonably possible; and it is further ordered and adjudged, that the court reserves decision on the award of the attorney for Christina G., petitioner, the attorney for appearing party Maryanne G., and the court appointed attorney for Josephine K., pending submission of affidavits for fees and disbursements incurred by them.