Matter of Daniel N. (Howard N.--Elizabeth Y.) (2021 NY Slip Op 03324)





Matter of Daniel N. (Howard N.--Elizabeth Y.)


2021 NY Slip Op 03324


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2017-09442
 (Index No. 100093/13)

[*1]In the Matter of Daniel N. (Anonymous), respondent. Howard N. (Anonymous), petitioner-cross-respondent- appellant; Elizabeth Y. (Anonymous), respondent-cross- petitioner-respondent.


Gelb & Black, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for petitioner-cross-respondent-appellant.
Michael D. Neville, Garden City, NY (Michael M. Recco and Dennis B. Feld of counsel), for respondent.
Ramo, Nashak, Brown & Garibaldi LLP, Glendale, NY (Gregory J. Brown of counsel), for respondent-cross-petitioner-respondent Elizabeth Yablon.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Daniel N., an alleged incapacitated person, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 15, 2017. The order and judgment, insofar as appealed from, after a hearing, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs.
The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Daniel N., his adult son, an alleged incapacitated person. Daniel N. resides with his mother, who is the petitioner's ex-wife. After a hearing, in an order and judgment dated March 15, 2017, the Supreme Court, inter alia, denied the petition and dismissed the proceeding. The petitioner appeals.
For a court to exercise its discretion to appoint a personal needs and/or a property management guardian, it must make a two-pronged determination (see Mental Hygiene Law § 81.02[a]; Matter of Samuel S. [Helene S.], 96 AD3d 954, 957; Matter of Daniel TT. [Diane UU.], 39 AD3d 94, 96-97). With respect to the first prong, when seeking to appoint a personal needs guardian, the court must first determine that "the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety" (Mental Hygiene Law § 81.02[a][1]). Similarly, in appointing a property management guardian, with respect to the first prong, the court must first determine that "the appointment is necessary . . . to manage the property and financial affairs of that person" (id.). The second prong concerning either the [*2]appointment of a personal needs or a property management guardian requires that the court determine "that the person agrees to the appointment, or that the person is incapacitated" (id.). The petitioner has the burden of establishing the alleged incapacitated person's incapacity and need for a guardian by clear and convincing evidence (see Mental Hygiene Law §§ 81.02[b]; 81.12[a]). "Moreover, a guardian should be appointed only as a last resort, where no available resources or other alternative will adequately protect the alleged incapacitated person" (Matter of Fritz G., 164 AD3d 503, 504; see Matter of Harold W.S. [Mark P.— Lauralyn W.], 134 AD3d 724, 725).
Here, the petitioner failed to sustain his burden of establishing by clear and convincing evidence that Daniel N. needs a guardian to provide for his person or property (see Matter of Samuel S. [Helene S.], 96 AD3d at 957; Matter of May Far C., 61 AD3d 680, 680). The evidence presented at the hearing demonstrated that Daniel's needs were being met by his mother.
The petitioner's remaining contentions are without merit.
LASALLE, P.J., CHAMBERS, AUSTIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court