Durkin v Petrie (2021 NY Slip Op 07411)





Durkin v Petrie


2021 NY Slip Op 07411


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1007 CA 20-00992

[*1]MARY E. DURKIN, AS ADMINISTRATOR OF THE ESTATE OF HENRY L. REED, DECEASED, PLAINTIFF-APPELLANT,
v
JOHN PETRIE, DEFENDANT-RESPONDENT. 






FRANK A. ALOI, ROCHESTER, FOR PLAINTIFF-APPELLANT. 
THE LAMA LAW FIRM, LLP, ITHACA (CIANO J. LAMA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered June 25, 2020. The order granted the motion of defendant for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, as administrator of the estate of Henry L. Reed (decedent), commenced this action seeking, inter alia, a determination that a deed executed by decedent prior to his death, which conveyed decedent's interest in certain real property to defendant, was void ab initio based upon decedent's incompetence. Defendant moved for summary judgment dismissing the amended complaint. Supreme Court granted the motion, and we now affirm.
Plaintiff does not dispute that defendant met his initial burden on the motion and, contrary to plaintiff's contention, we conclude that she failed to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). It is well settled that " '[a] party's competence is presumed and the party asserting incapacity bears the burden of proving incompetence' " (Crawn v Sayah, 31 AD3d 367, 368 [2d Dept 2006]; see Matter of Mildred M.J., 43 AD3d 1391, 1392 [4th Dept 2007]). "A person is incompetent to authorize a transaction only if the person's mind was so affected as to render him [or her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction" (Mildred M.J., 43 AD3d at 1392 [internal quotation marks omitted]). Here, in opposition to the motion, plaintiff failed to raise a triable issue of fact with respect to decedent's mental capacity on the day that he signed the deed (see Crawn, 31 AD3d at 368). Although plaintiff submitted various medical records showing that decedent had moments of confusion, such confusion does not create a presumption of incompetence or otherwise rebut the presumption of competence (see Mildred M.J., 43 AD3d at 1392; Feiden v Feiden, 151 AD2d 889, 890 [3d Dept 1989]). Indeed, the record is devoid of evidence that, "because of the affliction, [decedent] was incompetent at the time of the challenged transaction" (Mildred M.J., 43 AD3d at 1392 [internal quotation marks omitted]).
We have reviewed plaintiff's remaining contentions and conclude that they are without merit.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court