Matter of Hurlbut v Leo M. Bean Funeral Home, Inc. (2022 NY Slip Op 04439)

Matter of Hurlbut v Leo M. Bean Funeral Home, Inc.

2022 NY Slip Op 04439

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

145 CA 21-00571

[*1]IN THE MATTER OF ROBERT W. HURLBUT, PETITIONER-RESPONDENT,
v
LEO M. BEAN FUNERAL HOME, INC., DOING BUSINESS AS LEO M. BEAN AND SONS FUNERAL HOME, RESPONDENT, AND CHRISTINE OWEN, RESPONDENT-APPELLANT. 

HARRIS BEACH, PLLC, PITTSFORD (KYLE D. GOOCH OF COUNSEL), FOR RESPONDENT-APPELLANT.
LAW OFFICES OF PULLANO & FARROW PLLC, ROCHESTER (MALLORY K. SMITH OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 12, 2021. The order, insofar as appealed from, denied the motion of respondent Christine Owen insofar as it sought dismissal of the petition against her. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the petition against respondent Christine Owen is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to Public Health Law § 4201 seeking a determination with respect to the disposition of the remains of his deceased mother (decedent), who was also the mother of Christine Owen (respondent). After respondent filed an answer and objections in point of law, Supreme Court (Piampiano, J.) determined that there was an issue of fact requiring a fact-finding hearing, i.e., with respect to whether the decedent had the requisite mental capacity in September 2017 to execute a document designating respondent as her agent to control the disposition of her remains. Respondent thereafter filed a motion seeking, inter alia, leave to reargue and renew with respect to that determination and dismissal of the petition. Respondent now appeals from an order (Doyle, J.) that, inter alia, granted her motion insofar as it sought leave to reargue and renew and, upon reargument and renewal, adhered to the prior determination of the court.
We agree with respondent that the court, upon reargument and renewal, should have dismissed the petition against her. "Every dispute relating to the disposition of the remains of a decedent shall be resolved . . . pursuant to a special proceeding" (Public Health Law § 4201 [8]). Upon the return date of the petition in a special proceeding, "[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised," and "may make any orders permitted on a motion for summary judgment" (CPLR 409 [b]; see Matter of Izzo v Lynn, 271 AD2d 801, 802 [3d Dept 2000]). "[E]very hearing of a special proceeding is equivalent to the hearing of a motion for summary judgment" (Matter of Buckley v Zoning Bd. of Appeals of City of Geneva, 189 AD3d 2080, 2081 [4th Dept 2020] [internal quotation marks omitted]). Furthermore, as relevant here, "[t]he burden of proving mental incompetence is on the party asserting it" (Smith v Comas, 173 AD2d 535, 535 [2d Dept 1991], lv denied 80 NY2d 754 [1992]; see Matter of Rose S., 293 AD2d 619, 620 [2d Dept 2002]). Even assuming, arguendo, that the heightened contractual capacity standard is applicable in this case (cf. Matter of Alibrandi, 104 AD3d 1175, 1175-1176 [4th Dept 2013]; see generally Rose S., 293 AD2d at 620; Smith, 173 AD2d at 535), we conclude that petitioner failed to establish that the decedent was incapable "of comprehending and understanding the nature of [*2]the transaction at issue" (Smith, 173 AD2d at 535; see Wagner v Wagner, 156 AD2d 963, 964 [4th Dept 1989]; see generally Ortelere v Teachers' Retirement Bd. of City of N.Y., 25 NY2d 196, 202-203 [1969]). Although petitioner submitted evidence establishing that the decedent had been diagnosed with dementia in 2014, "there is no presumption that a person suffering from dementia is wholly incompetent" (Matter of Mildred M.J., 43 AD3d 1391, 1392 [4th Dept 2007]; see also Alibrandi, 104 AD3d at 1175-1176). "Rather, it must be demonstrated that, because of the affliction, the individual was incompetent at the time of the challenged transaction" (Mildred M.J., 43 AD3d at 1392 [emphasis added and internal quotation marks omitted]; Matter of Waldron, 240 AD2d 507, 508 [2d Dept 1997]). Here, petitioner failed to set forth any evidence that the decedent was without capacity to execute the designating document in September 2017 (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1097 [4th Dept 2018]).
We further agree with respondent that the court erred in refusing to summarily dismiss petitioner's claim of undue influence. "With respect to undue influence, the burden of proof generally lies with the party asserting undue influence" (Matter of DelGatto, 98 AD3d 975, 977 [2d Dept 2012]). Here, petitioner failed to establish that a confidential relationship existed (see Mildred M.J., 43 AD3d at 1393; see also Matter of Kotsones, 185 AD3d 1473, 1475 [4th Dept 2020], affd 37 NY3d 1154 [2022]). Further, petitioner failed to establish that respondent's alleged influence "amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the [decedent] to do that which was against [her] free will and desire, but which [she] was unable to refuse or too weak to resist" (Matter of Bush, 85 AD2d 887, 888-889 [4th Dept 1982] [internal quotation marks omitted]). We therefore reverse the order insofar as appealed from and dismiss the
petition against respondent.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court