Matter of Vicki M. A. (Lynda P.--Lisa P.) (2023 NY Slip Op 03916)

Matter of Vicki M. A. (Lynda P.--Lisa P.)

2023 NY Slip Op 03916

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-01373
 (Index No. 31055/20)

[*1]In the Matter of Vicki M. A. (Anonymous). Lynda P. (Anonymous), appellant; Lisa P. (Anonymous), respondent.

Cuddy & Feder, LLP, White Plains, NY (Jordan Brooks of counsel), for appellant.
Hollis Laidlaw & Simon, P.C., Mount Kisco, NY (David Simon and Sara M. O'Shea of counsel), for respondent.
Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, and Laura Rothschild of counsel), for Vicki M. A.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the property of Vicki M. A., an alleged incapacitated person, in which Lisa P. cross-petitioned, inter alia, to be appointed co-guardian of the person of Vicki M. A. if the petitioner's designation as health care proxy for Vicki M. A. was revoked, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Janet C. Malone, J.), dated December 22, 2020. The judgment, insofar as appealed from, upon a decision of the same court dated November 24, 2020, made after a hearing, revoked the petitioner's designation as health care proxy for Vicki M. A. and appointed the petitioner and cross-petitioner as co-guardians of the person of Vicki M. A.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to be appointed as the guardian of the property of her mother, Vicki M. A. The petitioner did not request to be appointed the guardian of the person of Vicki M. A. as she had been designated Vicki M. A.'s health care proxy in August 2017. Lisa P., the petitioner's sister, cross-petitioned, inter alia, to be appointed as co-guardian with the petitioner of the property of Vicki M. A. and, if the petitioner's designation as Vicki M. A.'s health care proxy was revoked, as co-guardian with the petitioner of the person of Vicki M. A. After a hearing, the Supreme Court found, among other things, that Vicki M. A. was an incapacitated person in need of a guardian. In a judgment dated December 22, 2020, the court revoked the petitioner's designation as health care proxy for Vicki M. A. and appointed the petitioner and Lisa P. as co-guardians of the person and property of Vicki M. A. The petitioner appeals from so much of the judgment as revoked the health care proxy and appointed the petitioner and Lisa P. as co-guardians of the person of Vicki M. A.
The Supreme Court did not err in revoking the designation of the petitioner as health care proxy for Vicki M. A. Mental Hygiene Law § 81.02(a) provides that the court may appoint a guardian for a person if the court determines (1) that the appointment is necessary to provide for the [*2]personal needs of that person, including food, clothing, shelter, health care, or safety and/or to manage the property and financial affairs of that person, and (2) that the person agrees to the appointment, or that the person is incapacitated. The petitioner has the burden of establishing the alleged incapacitated person's incapacity and need for a guardian by clear and convincing evidence (see id. §§ 81.02[b]; 81.12[a]). A guardian should be appointed only as a last resort, where no available resources or other alternative will adequately protect the alleged incapacitated person (see Matter of Maria Z. [Bonifacio Z.], 204 AD3d 930, 931; Matter of Daniel N. [Howard N.-Elizabeth Y.], 194 AD3d 1062, 1062-1063).
In appointing a guardian, one of the factors that a court must consider is any appointment of a health care proxy by the incapacitated person under the Public Health Law (see Mental Hygiene Law § 81.19[d][1]; Matter of Nora McL. C., 308 AD2d 445, 445). Here, Vicki M. A. signed a health care proxy on August 24, 2017, appointing the petitioner as her agent. While the health care proxy was sufficient to satisfy the requirements of Public Health Law § 2981(5)(a), the Supreme Court did not err in revoking the health care proxy pursuant to Mental Hygiene Law § 81.29(d), as the record showed that there had been a breach of fiduciary duty by the petitioner. The health care proxy held by the petitioner was not a sufficient and reliable available resource to protect Vicki M. A.'s interests, in light of the evidence indicating that the petitioner was not acting in Vicki M. A.'s best interests (see Matter of Rachel Z. [Jack Z.-Anna B.], 181 AD3d 805, 806; Matter of Joseph D., 55 AD3d 907, 907-908). The court also did not err in appointing the petitioner and cross-petitioner as co-guardians of the person of Vicki M. A.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court