Matter of Viris W. (Rosalind W.) (2026 NY Slip Op 00515)

Matter of Viris W. (Rosalind W.)

2026 NY Slip Op 00515

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-01257
 (Index No. 510682/20)

[*1]In the Matter of Viris W. (Anonymous). Rosalind W. (Anonymous), respondent; Robert A. C. (Anonymous), etc., nonparty-appellant.

Sherwood & Truitt Law Group, LLC, Garden City, NY (Thomas G. Sherwood of counsel), for nonparty-appellant.
Greco & Wolfe, PLLC, Garden City, NY (Jayson A. Wolfe of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, in which Rosalind W. was appointed guardian of the person and property of Viris W., an incapacitated person, nonparty Robert A. C., Jr., appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 21, 2022. The order, insofar as appealed from, after a hearing, granted those branches of the cross-motion of Rosalind W. which were to find Viris W. incapacitated, nunc pro tunc, as of August 7, 2019, and pursuant to Mental Hygiene Law § 81.29 to revoke a power of attorney.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 7, 2019, Viris W., an incapacitated person, executed a power of attorney in favor of her son, Donovan G. W., Jr., granting him authority with respect to real estate transactions (hereinafter the August 2019 power of attorney). On August 20, 2019, Donovan G. W., Jr., executed a deed transferring title of certain real property located in Brooklyn from Viris W. to nonparty Robert A. C., Jr., one of Viris W.'s grandsons. Robert A. C., Jr., then executed a note dated August 20, 2019, in favor of CrossCountry Mortgage, Inc., which was secured by a mortgage on the property.
Subsequent to the execution of the August 2019 power of attorney and the property transfer, in an order and judgment dated June 3, 2021, the Supreme Court, inter alia, determined that Viris W. was an incapacitated person and appointed Rosalind W. (hereinafter the guardian) as the guardian of the person and property of Viris W.
As is relevant to this appeal, in July 2021, the guardian cross-moved, among other things, to find Viris W. incapacitated, nunc pro tunc, as of August 7, 2019, and pursuant to Mental Hygiene Law § 81.29 to revoke the August 2019 power of attorney. In an order dated December 21, 2022, the Supreme Court, after a hearing, inter alia, granted those branches of the guardian's cross-motion. Robert A. C., Jr., appeals.
As a general rule, "[a] party's competence to enter into a transaction is presumed, even if the party suffers from a condition affecting cognitive function, and the party asserting incapacity bears the burden of proof" (Matter of Delaney, 170 AD3d 1008, 1009 [internal quotation marks omitted]; see Crawford v Smith, 219 AD3d 691, 693; Feiden v Feiden, 151 AD2d 889, 890). "However, where there is medical evidence of mental illness or a mental defect, the burden shifts to the opposing party to prove by clear and convincing evidence that the person executing the document in question possessed the requisite mental capacity" at the time the document was executed (Matter of Rose S., 293 AD2d 619, 620; see Matter of Edgar V.L., 228 AD3d 549, 552).
Here, the guardian established, through the testimony of Viris W.'s treating neurologist, that Viris W. was mentally incompetent at the time the August 2019 power of attorney was executed. The neurologist based this conclusion on his diagnosis of Viris W. in 2017 as suffering from dementia, cognitive impairment, and brain atrophy, which was confirmed by a subsequent MRI, and that her condition was unlikely to have improved in the intervening time between his diagnosis and the execution of the August 2019 power of attorney. In response, Robert A. C., Jr., failed to rebut this medical testimony with clear and convincing evidence that Viris W. possessed the requisite mental capacity to execute the August 2019 power of attorney (see Matter of Edgar V.L., 228 AD3d at 552; Matter of Kaminester v Foldes, 51 AD3d 528, 529; Matter of Rose S., 293 AD2d at 621).
Accordingly, the Supreme Court did not err in granting those branches of the guardian's cross-motion which were to find Viris W. incapacitated, nunc pro tunc, as of August 7, 2019, and pursuant to Mental Hygiene Law § 81.29 to revoke the August 2019 power of attorney (see Matter of Vicki M.A. [Lynda P.—Lisa P.], 218 AD3d 769).
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court